Shotwell *vs.* Rowell.

| 30 | 557 |
| 120 | 765 |

## SHOTWELL *vs.* ROWELL.

1. While it is true, that in suing one as executor in his own wrong, you must charge him as executor generally, still if the cabalistic gibberish *de son tort* are dropped in all the subsequent proceedings, and the judgment is entered and execution issued against the defendant as executor, it is sufficient.

Motion, etc., from Baker county. Decided by Judge AL-LEN, May Term, 1860.

Jacob R. Shotwell brought suit against Rawrence G. Rowell to recover the amount due on two promissory notes, to the May Term, 1857, of Baker Superior Court. The death of the defendant having been suggested at the next term, the plaintiff then proceeded to sue out *scire facias* against, and had the same served on George W. Lawrence, as executor *de son tort*, requiring him to show cause at the following Term why he should not be made a party defendant as such executor *de son tort*.

At the succeeding Term, no cause being shown to the contrary, the Court passed an order making said George W. a party defendant, "as the executor of the last will and testament of Lawrence G. Rowell, deceased." And at the same, viz : May Term, 1858, said George W., as executor of Lawrence G., confessed judgment to the plaintiff. Judgment having been entered up, and a *fi. fa.* issued thereon against

him as executor generally, the said George W. paid plaintiff's attorney $300 00, in part satisfaction of the same; which amount was entered as a credit on said *fi. fa.* In July, 1859, the sheriff of said county levied said *fi. fa.* for the balance due thereon, upon certain parcels of land as the property of Lawrence G. Rowell, deceased.

At the November Term, 1859, a motion was made by defendant to set aside the judgment obtained as aforesaid. The Court granted the motion, and passed an order vacating the same.

The bill of exceptions states that counsel for plaintiff had no notice of said motion, but was in Court at the time it was granted.

At the May Term, 1860, counsel for plaintiff moved a rule requiring the defendant to show cause why the former order should not be vacated.

The Court, after argument, refused the rule, and counsel for plaintiff excepted, and assigns the same as error.

Lyon, for plaintiff in error.

Slaughter & Ely, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

This suit was originally brought against Lawrence C. Rowell, the maker of the note upon which the action is founded. He dying, a *scire facias* was issued and served upon George W. Rowell as *executor de son tort*, calling upon him to show cause why he should not be made a party defendant. Upon the return of the *scire facias*, and George W. Rowell showing no cause to the contrary, he was, by the judgment of the Court, " made and constituted party defendant as the executor generally of the last will and testament of Lawrence G. Rowell, deceased." And the plaintiff was directed "to proceed with said cause against the said George W. Rowell as executor as aforesaid.

At the same Term of the Court to which he was made a

party, George W. Rowell confessed judgment for the plaintiff's demand, signing himself "George W. Rowell, as executor of L. G. Rowell." Upon this confession, a judgment was entered against the goods and chattels, rights and credits of Lawrence G. Rowell, executor generally, and execution issued in the same way. Three hundred dollars was collected of George W. Rowell on the *fi. fa.* It was then levied on land belonging to L. G. Rowell, when, upon motion, it was by the Court set aside, upon the ground that the judgment was rendered against George W. Rowell, as executor *in his own wrong.* And for the same reason, the Court refused to vacate this order.

It will be seen, by reference to the proceedings, which we have set out with some particularity, that the Court was mistaken in point of fact. Upon the return of the *scire facias,* George W. Rowell was made a party as executor *generally.* He confessed judgment as such, and the judgment and execution went against him as executor generally, and not as executor *de son tort.* The Judge rescinded his order, as to the judgment and *fi. fa.* in favor of Elijah Pearce, as administrator of James G. Johnson, that being against George W. Rowell, as executor generally. He should for the same reason have rescinded his order, as to this case. And no doubt had not the fact been overlooked, that they both stood upon the same footing, he would have acted consistently with himself. In point of fact, there seems never to have been any legal representative on the estate of L. G. Rowell. George W. Rowell assumes to manage as one having authority, and perhaps he has from the parties in interest, but not from the Ordinary.

I hope the day is past, anyhow, when the rights of parties are to turn upon the addition or omission of the cabalistic gibberish *de son tort! De son fiddle-stick!* It may be of substance whether one is rightful executor. But away with *de son tort* as the test of anything.

The presiding Judge certifies, that the counsel of Shotwell was in Court when he passed the order annulling his client's judgment. But he does not undertake to say that he had notice and knowledge of the proceeding; and this was indispensable. For if counsel and parties are to be held responsible for what is transacted in Court, it will not do to say that they stood by at the time and did not interfere, which is flat-

ly denied in this case. Notice should be brought home in some more abiding form than the mere recollection of the incumbent on the bench for the time being. Rights should not rest on so frail a tenure.