### ALLEN *et al. v.* HURST.

1. The petition, properly construed, contains but one count, setting forth a cause of action against the defendant as an executor de son tort, for a wrongful conversion to his own use of the personalty of a deceased individual whose estate has no legal representative; and the failure to allege that no debts are due by the estate is immaterial.
2. Under the practice prevailing before the code, an executor in his own wrong could be sued generally as executor, and judgment recovered against him as such.
3. Without regard to whether this can be done since the code, it is not improper to sue such a person specifically as an executor de son tort, and have judgment entered against him as such.

Submitted June 17, — Decided July 19, 1904.

Complaint. Before Judge Sheffield. Clay superior court. September 21, 1903.

Mrs. Georgia Allen, for herself and as next friend of her three minor children, brought suit against Hurst. The petition alleges

that the plaintiff and her three minor children, and Walter Allen, an adult, who declines to become a party to the suit, are the only heirs at law of S. A. Allen, who died in 1901, intestate; that the deceased left an estate consisting entirely of personal property, which does not exceed in value five hundred dollars; that the estate "has no legal representative," and no year's support has been set apart to the family, though they are entitled to the same; that the property of the estate consists in part of a mule valued at $100, which the defendant Hurst has, without authority of law, converted to his own use; and that by reason of this conversion the defendant has become an executor de son tort, and is indebted to the plaintiff in the sum of $200, which he refuses to pay. The defendant demurred on the following grounds: (1) The petition is uncertain, informal, and insufficient in law. (2) In suing defendant as executor in his own wrong, the petition should have charged defendant "as executor generally," and as though "he was the rightful executor of the last will and testament" of the deceased. (3) The petition is bad for duplicity, containing two grounds of complaint for a single action,— one based on the theory that plaintiffs are entitled to recover as heirs at law of the deceased, and the other on the theory that they are entitled to recover the sum sued for as a year's support. (4) The petition contains two counts, and each count fails to set forth a complete cause of action in paragraphs numbered consecutively. (5) The petition does not allege that there has not been any administration on the estate of the deceased, and does not allege that S. A. Allen did not owe any debts at the time of his death and that his estate does not owe any debts. The court sustained the demurrer and dismissed the petition. The plaintiffs excepted.

*J. D. & L. M. Rambo*, for plaintiffs.
*W. A. Scott*, for defendant.

Cobb, J. While the petition is brief and somewhat informal, it was clearly the intention of the pleader to bring a suit under the Civil Code, § 3310, against the defendant as an executor in his own wrong. It is not an effort to recover the property as a year's support, but a suit by heirs at law to recover, under the terms of the section referred to, double the value of the property converted. The allegations as to year's support are surplusage, and the peti-

tion does not contain two counts, but only one seeking a recovery against the defendant as an executor in his own wrong. Heirs at law can not generally sue in their own name to recover their distributive share in personalty, without alleging that there was no administration and no necessity for any. Civil Code, § 3353; *Blair* v. *Dickerson*, 73 *Ga.* 146; *Morgan* v. *Woods*, 69 *Ga.* 599; *Smith* v. *Turner*, 112 *Ga.* 533; *Carr* v. *Berry*, 116 *Ga.* 372. But a suit under the Civil Code, § 3310, is a special proceeding, governed only by the provisions of that section. It provides: "If any person, without authority of law, wrongfully intermeddles with, or converts to his own use, the personalty of a deceased individual, whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs or legatees of such estate, for double the value of the property so possessed or converted by him." Under the terms of this section it is necessary to allege that the estate " has no legal representative," and this the petition does. It is not necessary to allege that there are no debts and no necessity for administration. The statute vests the right to sue in the heirs and creditors, in the event that there is no legal representative of the estate. An executor in his own wrong is one who wrongfully intermeddles with the goods of the deceased, or does any other act characteristic of the office. 1 Williams on Exrs. t. p. 298. And generally it is necessary to charge the defendant with such an intermeddling with the goods of the deceased as would indicate that he is endeavoring to perform an act which should be performed only by a legal representative. *Willingham* v. *Rushing*, 105 *Ga.* 79. But our statute in terms provides that if a person " converts to his own use" the property, he shall be deemed an executor in his own wrong. The act of conversion is not an act which a legal representative usually performs, but one which under the statute of this State would be as unlawful for him as for any one else. Under the old practice an executor de son tort was charged generally as an executor. And under the practice prevailing in this State before the code, a judgment against the defendant who had wrongfully intermeddled with the property of an estate generally as executor, without adding the words de son tort, would be valid. *Shotwell* v. *Rowell*, 30 *Ga.* 557. We need not decide whether this would be true since

the code. But it is certain that a person who has done any act which would make him an executer de son tort may be sued as such, and judgment be rendered against him in which "the cabalistic gibberish" de son tort is used as a term of description. The allegations of the petition bring the defendant within the express terms of the statute, and the demurrer should have been overruled.

*Judgment reversed. All the Justices concur.*