## JONES v. JONES.

GILBERT, J. According to the principles ruled in *Allen* v. *Hurst*, 120 *Ga.* 763 (48 S. E. 341), the plaintiff's petition as amended set out a cause of action under the Civil Code, § 3886; and accordingly the court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 2123.  MARCH 3, 1921.

Equitable petition. Before Judge Terrell. Troup superior court. June 21, 1920.

Mary Jones, for herself and as next friend of her minor daughter, Bertha Jones, brought an equitable petition against Nancy Jones and LaGrange Savings Bank, alleging that Mike Jones, the husband of Mary and father of Bertha Jones, died on December 10, 1918, owing no debts, and leaving an estate of the value of two thousand dollars, consisting of cash on deposit in bank, wheat, corn, hogs, and other personal property; that he had deserted petitioners several years prior to his death, and they did not know of his death until some time after it occurred; that upon making enquiry they learned that Nancy Jones, fraudulently representing herself to be the widow of Mike Jones and the mother of two minor children by him, had procured from the court of ordinary of Troup County a judgment setting apart to her as year's support $700 in cash and all of the household and kitchen furniture; that petitioners were ignorant, uneducated negroes residing outside of Troup County and in Carroll County, and they had no knowledge of the application for year's support until after the judgment had been entered; that the $700 in cash was withdrawn by Nancy Jones from LaGrange National Bank and placed by her on deposit in LaGrange Savings Bank; that Nancy Jones was never married to Mike Jones; that any children born to them were not born in lawful wedlock, and neither she nor they were entitled to inherit from him; that Nancy Jones had taken possession of and converted to her own use the entire estate, and was wasting and dissipating the same; that she was insolvent and unable to respond in damages upon any judgment which might be obtained against her; that there had been no administration on said estate and no one had the legal right to take charge of the same; that Nancy Jones had fraudulently procured possession of the proceeds of a policy of insurance upon the life of Mike Jones, made payable to Bertha Jones; that Nancy Jones is an executrix de son tort, and as such liable in double the value of

the property which she has wrongfully taken possession of and converted to her own use. The prayers are, that Nancy Jones be enjoined from changing the status of the estate, from disposing of any of the property, and from withdrawing the money on deposit in LaGrange Savings Bank, and that the bank be enjoined from paying the same out; that a receiver be appointed to take charge of the estate and collect the assets; for judgment, and for special lien on the funds on deposit with LaGrange Savings Bank. The defendant demurred to the petition, on the grounds: (1) It does not entitle plaintiff to the relief prayed. (2) The cause of action, if any, vests only in the administrator of the deceased, and not the heirs at law. (3) The allegations of fraud are not sufficient to authorize a court of equity to set aside the judgment of the court of ordinary. (4) No cause of action is set forth. Exception is taken to the overruling of the demurrer.

*M. U. Mooty,* for plaintiff in error. *W. T. Tuggle,* contra.