### 16702. GIDDENS *v.* RENTZ *et al.*

JENKINS, P. J. 1. The exception taken to the failure to grant the motion of the plaintiff in trover, made at the trial term, to declare that no case was pending, because it appeared from the entry upon the petition that no service had been made on the defendant, and because the plaintiff had entered a voluntary dismissal of the case, at the first term, before the filing of the defendant's answer at that term, was without merit, since the court was fully authorized to find, from the evidence introduced on the hearing of the motion, that the answer was in fact filed at the first term and before such voluntary dismissal by the plaintiff. If the answer was so filed, lack of service was immaterial.

Appearances, 4 C. J. p. 1335, n. 49; p. 1350, n. 26.
Evidence, 22 C. J. p. 1148. n. 96 New.

2. The record shows that the entry as to the date of the filing of the defendant's answer, as it appeared at the time of the trial, consisted of three figures, a "1" followed by the figures "2" and "4," written into each other. The clerk testified, without objection, that the entry as it stood was not his entry, and that his entry appeared to have been "tampered with." The attorney for the defendants testified positively that the plea was in fact filed on September 4, this date being before the voluntary dismissal of the trover suit by the plaintiff, which latter was on September 11. This latter testimony was objected to on the ground that it sought to attack the official entry of the clerk as to the date of filing. *Held:* The clerk having testified, without objection, that the entry as then exhibited was not his entry, the evidence offered by this witness could not be taken as intended to impeach the official entry, but, in the absence of the existence of such, under the clerk's testimony, could only be taken to establish the material fact as to when the plea was in fact filed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*
DECIDED MAY 14, 1926.

Trover; from city court of Nashville—Judge W. R. Smith. July 10, 1925.

*Hendricks & Hendricks,* for plaintiff.
*Elsie Higgs Griner, Jeff. S. Story,* for defendants.