HOLLIDAY, executor, *et al. v.* POPE.

302

No. 16548.  April 14, 1949.  Rehearing denied May 12, 1949.

306

*Robert B. Blackburn,* for plaintiff in error.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) While three separate judgments were rendered and excepted to, the only judgment which requires consideration here is that which overruled the demurrers to the petition as finally amended and to the last amendment. This is true for the reason that, when the original petition was amended after being demurred to, the questions raised by the first demurrer became moot, and the demurrer became extinct or nugatory, and when the petition as then amended was demurred to and again amended, the second demurrer likewise became extinct or nugatory. *Powell* v. *Cheshire,* 70 *Ga.* 357, 360 (48 Am. R. 572) ; *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d, 385) ; *Hughes* v. *Purcell,* 198 *Ga.* 666 (1) (32 S. E. 2d, 392) ; *Mooney* v. *Mooney,* 200 *Ga.* 395 (2) (37 S. E. 2d, 195). The demurrer to the petition as finally amended, renewing all previous grounds of demurrer and adding other

grounds of demurrer, is, therefore, the only one which requires consideration on the exceptions of the defendant, the grounds of demurrer having been generally referred to in the foregoing statement of facts.

"Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing the contract to be unfair, or unjust or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite." *Shropshire* v. *Rainey,* 150 *Ga.* 566 (2) (104 S. E. 414); *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (1) (27 S. E. 2d, 226). It is the general rule that the petition must allege the value of the services to be rendered and also the value of the property to be willed, so as to show that the contract sought to be enforced is not unfair or unjust or against good conscience. *Johns* v. *Nix,* 196 *Ga.* 417, 418 (2) (26 S. E. 2d, 526); *Matthews* v. *Blanos,* 201 *Ga.* 549, 562 (40 S. E. 2d, 715). Exceptions exist in cases where one goes into the home of a near relative agreeing to nurse and give the other personal, affectionate, and considerate attention such as could not be readily procured elsewhere, and where the value of such services could not be readily computed in money. *Potts* v. *Mathis,* 149 *Ga.* 367, 370 (100 S. E. 110); *Brogdon* v. *Hogan,* 189 *Ga.* 244, 250 (5 S. E. 2d, 657); *Bullard* v. *Bullard,* 202 *Ga.* 769 (1) (44 S. E. 2d, 770).

Tested by the above-stated principles of law, the petition is not subject to the general ground of demurrer that no cause of action was set forth against the defendant; but, on the contrary, it sets out clearly, distinctly, and definitely facts which would authorize specific performance of the alleged contract. It alleges that about 1930 the petitioner entered into a contract with his grandmother whereby it was agreed that, if he would make his home with her and render her such services and assistance from time to time as she required, she would will him described real estate. It alleges with particularity her requirements and his full compliance therewith and the failure of the grandmother to fulfill her promise. It alleges the value of the services rendered, and

though it fails to set forth the value of the real estate to be devised, the near relationship of the contracting parties brings the case within the exception to the general rule.

Under the allegations of the petition as amended as to the defendant not being under bond, his insolvency, and his liability for rents and profits from the property since February 23, 1945, and that unless a receiver be appointed to take charge of the property involved, the petitioner will suffer irreparable loss, a case is also made for the appointment of a receiver and an accounting in equity, since such full relief could not be afforded by the court of ordinary. *McCord* v. *Walton*, 192 *Ga.* 279 (14 S. E. 2d, 723).

But it is urged in one ground of general demurrer that the petitioner, who is shown to have been a boy of about nine years of age at the time of entering into the alleged agreement, was incapable of contracting and, hence, the present action cannot be maintained. However, the Code, § 20-202, declares that "The exemption of the infant is a personal privilege. The party contracting with him may not plead it, unless he was ignorant of the fact at the time of the contract; nor may third persons avail themselves of it as a defense." It could not reasonably be said that the grandmother was ignorant of the petitioner's infancy at the time of the alleged contract, and it does not lie in the mouth of her executor, who stands in her shoes, to urge the disqualification to contract.

Another ground of general demurrer is that the court of equity was without jurisdiction to set aside the will, which had been probated in common form in the court of ordinary. While recognizing the principle of law contended for, it is clear that no attempt is being made by allegations and prayer to set aside the will, although it is alleged to be fraudulent in its failure to devise to the petitioner the property here sought to be acquired. A decree of specific performance would not oust the defendant executor or interfere with his administration of the estate except in respect to the property decreed to belong to the petitioner.

The general ground of demurrer, contending that the court of equity was without jurisdiction to interfere with the administration in the court of ordinary "for the purpose of attacking the validity of such will," is likewise without merit, since no attempt

is being made to attack the validity of the will itself, but the petitioner is merely asserting a right to specific performance so as to have vested in him title to property which was by the will devised to another.

The ground of general demurrer that the petitioner cannot maintain the present action, since he has not renounced his legacy under the will, is not well taken. The Code, § 37-502, provides: "When a testator has attempted to give property not his own, and has given a benefit to a person to whom that property belongs, the devisee or legatee shall elect either to take under or against the will." In construing that section this court, in *Lamar v. McLaren*, 107 *Ga.* 591, 604 (34 S. E. 116), said: "To raise a case of election a person must be *entitled* to one of two benefits, to each of which he has *legal title*, but to enforce both would be unconscientious and inequitable to others having claims upon the same property or fund. He must have legal title to both benefits and have the right to enforce either at his election. . . Now, if Henry J. Lamar Jr. were required to elect between his legacy under the will and his *mere claim* to an interest in the business of Henry J. Lamar & Sons, that is between his legacy and a lawsuit, and he should elect to take his claim, or the court should force him so to elect, and he should, upon a subsequent trial for the enforcement of his claimed partnership interest, fail, for any reason, to establish the same, then there would be no one to compensate, as in such event there would be no defeated or disappointed legatees, but, on the contrary, the other legatees would get the very property he claimed." See also *First National Bank &c. Co. v. Roberts*, 187 *Ga.* 472 (4) (1 S. E. 2d, 12). The facts in the present case place the petitioner in precisely the same legal position in which Henry J. Lamar Jr. stood in the case just cited. The petitioner now has a lawsuit, a mere claim, which might be defeated when brought to trial; and, in that event, if he had been required to elect as a condition precedent to instituting this action and as a consequence had renounced his legacy, all other legatees under the will would thereupon stand unharmed and the estate would hold the property which under the will now belongs to the petitioner. It is very clear that the meaning and intent of the Code section above cited, as construed by this court, is designed for the purpose of making sure that

a legatee shall not be permitted to hold onto his own legacy under a will and at the same time deprive another legatee of property given him under the will. It is not intended and should not be .construed to mean that a legatee placed in the situation of the present petitioner must speculate by electing to take what he believes to be a good claim to property, and at that period of pure chance relinquish his unquestioned title to the property under the will. On the other hand, the obvious intent of the Code section is to prevent such legatee from taking both the property going to him under the will and the property which he claims. There is an additional consideration which must not be overlooked in the present case. Specific performance not being an absolute right and being a remedy which equity will deny if to grant it would be against good conscience, specific performance of the alleged contract in the present case would not be decreed if to do so would allow this petitioner to acquire both that property and the property given to him under the will. We think, however, that the condition contemplated by the Code, where an election is mandatory, will exist in the present case only when by a judgment of the court the petitioner acquires legal title to the property which he seeks; and by the very act of praying for and obtaining such a decree of title the petitioner will have thereby made an election to renounce his legacy under the will, and the requirements of the Code section will thus be satisfied. In view of this construction, the petitioner is not required to make an election at this time, and the election to take the title by specific performance of the contract when that is an accomplished fact will deny to him any right or title in the property given him under the will. Accordingly, the petition here is not subject to the ground of demurrer asserting that the petition is fatally defective in that it does not recite an election to take the property sued for and a renunciation of the property given him under the will.

■ Voluminous special demurrers were urged by the defendant, but upon careful examination they have been found to be without merit and not of such importance as to be set forth in detail. Without unduly encumbering the record, their nature may be understood by the following references and rulings. No misjoinder of parties defendant is shown. Under the facts alleged it was.

proper to sue the defendant in his individual capacity and also as representative of the estate of the deceased. *Goodroe* v. *C. L. C. Thomas Warehouse,* 185 *Ga.* 399 (1) (195 S. E. 199) ; *Walters* v. *Suarez,* 188 *Ga.* 190 (3) (3 S. E. 2d, 575). No misjoinder of causes of action is shown. The petitioner is seeking specific performance of an oral contract, but is not, as contended by the demurrant, attempting to set aside a will which has been probated in common form in the court of ordinary, though it is alleged that its execution was a fraud upon the petitioner. An order of court granting specific performance with reference to the property here involved would not prevent the defendant, as executor, from performing his duties under the will with reference to any other property of the estate. While there is a prayer that the defendant be enjoined from attempting to probate the will in solemn form, it is an idle prayer and may be treated as surplusage, since it is not shown that any attempt will be made to probate the will in solemn form. Many special grounds complain that designated allegations of the petition are vague and indefinite, but are subject to the criticism that they fail to point out wherein the defect exists. Other grounds urge that specified allegations are merely conclusions of law or fact, but are without merit. Various special demurrers complain that certain allegations are irrelevant and immaterial, but fail to point out the specific infirmity. Other special grounds of demurrer complain that stated allegations of the amendment of April 25, 1947, were respectively not germane, not a part of a cause of action, were conclusions, and insufficient to constitute any part of a cause of action and to support a charge of insolvency against the defendant, all of which grounds have been found to be without merit. The same is true as to similar complaints made to allegations of the amendment of October 28, 1948.

It follows from what has been said that no error is shown in the judgment of the court in overruling the demurrers.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*