## WILLIAMON *v.* WILLIAMON.

WYATT, Justice. Mrs. Sarah Williamon brought her petition against Arthur Williamon, alleging in substance: that she was the widow and sole heir at law of Horace Williamon, deceased; that, at the time Horace Williamon was killed, he owned and operated a store and beer stand in Floyd County, Georgia; that, at the time of his death, there was in the store a large stock of goods worth $500 or other large sum, and that there were several hundred dollars in cash in the said store and on the person of Horace Williamon; that Horace Williamon owned a described automobile; that, in addition to the above, the deceased owned certain described real estate. The petition further alleges that, after the death of Horace Williamon, Arthur Williamon "wrongfully and fraudulently and without any right entered into possession of said real property and took possession of same as well as all personal property herein mentioned, and that the said Arthur Williamon has wrongfully and fraudulently sold and disposed of a large portion of said personal property and will, unless enjoined, sell and dispose of the balance of said property; and your petitioner further shows that, as the widow and sole heir at law of the said deceased, she is entitled to maintain this action." It is then alleged that "Arthur Williamon is insolvent and unable to respond in damages to any judgment that might be rendered against him, and that he has handled and disposed of said property as an executor de son tort, and is therefore liable to your petitioner in double the value of said property." The petition also alleges that, unless the court order the defendant to deliver the automobile to the sheriff, it will be disposed of by him and that the petitioner is entitled to a judgment for $1000 because of the wrongful disposition of the property set out. The prayers of the petition are: that the defendant be temporarily restrained from disposing of any property, real or personal, above set out; that he be permanently enjoined from interfering with the petitioner's claim to said property and from selling or disposing of any of the said property; that he be required to account to the petitioner for all the property described herein; that she have judgment against the defendant for $1000. The defendant filed general demurrers to the petition and a special demurrer to the petition as a whole on the ground that there was a misjoinder of causes of action. All the demurrers were overruled. The exception here is to that judgment. *Held:*

1. In so far as the petition seeks to recover personal property or damages for personal property already disposed of, the petition fails to set out a cause of action. "As a general rule, where there is no legal representative of an estate, a suit cannot be maintained directly at the instance of the sole heir at law, to recover from a third person personal property left by the deceased." *Hausauer* v. *Order of Railway Conductors Home Association,* 176 *Ga.* 369 (168 S. E. 24). Nothing appears in the instant petition which would take this case out of the general 'rule.

(*a*) It is sought in the instant case to come within the provisions of Code § 113-1102, which allows heirs at law to recover double the value

of personal property converted by an executor de son tort. However, Code § 113-1102 applies only in the event an estate has no legal representative. See Code, § 113-1102; *Allen* v. *Hurst,* 120 *Ga.* 763 (48 S. E. 341); *Willingham* v. *Rushing,* 105 *Ga.* 72 (31 S. E. 130); *Jones* v. *Jones,* 151 *Ga.* 240 (106 S. E. 265). Nowhere in the petition in the instant case is it alleged that there is no legal representative of the estate, or any equivalent allegation. A mere averment that the petitioner is the widow and sole heir at law is not sufficient under this Code section.

2. The petition alleges that the deceased was at the time of his death the owner of certain described real property, and alleges that the defendant took possession of said real estate and will, unless enjoined, sell and dispose of same. An allegation that the petitioner is the widow and sole heir at law is sufficient as against a general demurrer to entitle her to maintain a suit to recover real property. See Code § 113-903 and *Phillips* v. *Phillips,* 163 *Ga.* 899 (137 S. E. 561). However, the instant petition shows on its face that the petitioner has an adequate remedy at law, and she is not, therefore, entitled to equitable relief. She seeks to enjoin the defendant from interfering with her possession of certain real property and from disposing of said property. In so far as the petition seeks to enjoin the defendant from interfering with the plaintiff's possession of the property, the allegations of the petition show that it is too late to seek this relief, since, as alleged, the defendant has already "entered into possession of said real property" and taken "possession of same." The effect of granting the relief sought would cause the defendant to deliver possession to the plaintiff, and would be mandatory in character. Such an injunction is not permitted under the law of this State.

(a) It is apparent that, in so far as the prayer for an injunction restraining the defendant from selling or disposing of the real property is concerned, no such relief is needed. If the plaintiff has title to the said property, the defendant cannot sell or dispose of the property. A suit in ejectment or its statutory substitute will give her full and adequate relief. The allegations to the effect that the defendant is insolvent do not alter the situation, since the petitioner does not seek to recover damages on account of the real property. Since the remedy at law is adequate and complete, equity will not interfere. Code, § 37-120. Since the petitioner is not entitled to any of the relief sought, the judgment overruling the general demurrer to the petition was error.

3. The special demurrer to the petition as a whole contends that there is a misjoinder of causes of action. There is no merit in this contention. "Where several matters are stated in a petition, not as distinct and unconnected, but as arising 'out of the same transaction or series of transactions, forming one course of dealing, all tending to a single end,' a demurrer for misjoinder of causes of action will not lie." *Grant* v. *Hart,* 192 *Ga.* 153, 155 (14 S. E. 2d, 860). In the petition in the instant case complaint is made of only one transaction or series of transactions; that is, it is alleged that the defendant has taken over without right the assets of the estate of a single deceased. The relief prayed for is all directed to the recovery of the assets or damages for assets already disposed of. Therefore, under the rule above stated, the petition is not subject to the attack made.

4. For reasons stated in divisions one and two above, the judgment of the court below must be reversed.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18034. Submitted November 13, 1952—Decided January 13, 1953.

*Maddox & Maddox*, for plaintiff in error.
*Wright, Rogers, Magruder & Hoyt*, contra.