### 35607.  NORTON v. HAMILTON.

CARLISLE, J.  "Where, in ruling upon demurrers, the trial court allows time for the filing of an amendment, such court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the earlier judgment on the demurrers, and such earlier judgment or judgments shall not be subject to exception or review."  *Weinstein* v. *Rothberg,* 87 *Ga. App.* 94 (73 S. E. 2d 106); *Sutton* v. *Wilson,* 87 *Ga. App.* 398 (74 S. E. 2d 15); *Sellers* v. *City of Summerville,* 88 *Ga. App.* 109 (76 S. E. 2d 99); *Aiken* v. *State Farm Mutual Automobile Ins. Co.,* 88 *Ga. App.* 131 (76 S. E. 2d 141). And where, as here, the trial court entered a judgment on certain demurrers to the petition in which all the demurrers were overruled except one, and the trial court allowed time within which to amend the petition, and after the expiration of such time no fresh adjudication was made on the sufficiency of the petition, but the plaintiff appealed to this court on a direct bill of exceptions, assigning error on the judgment in which time was allowed for amendment—this court is without jurisdiction of the writ of error, and it must be and is

*Dismissed.  Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 22, 1955.

*Dudley B. Magruder, Jr., Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith,* contra.