19109.   HUNTER *v.* OGLETREE *et al.*

ARGUED SEPTEMBER 14, 1955—DECIDED OCTOBER 13, 1955—
REHEARING DENIED NOVEMBER 16, 1955.

*T. T. Molnar,* for plaintiff in error.

*Joe M. Ray, Stone & Stone,* contra.

ALMAND, Justice.   The exception here is to a judgment sustaining demurrers to an equitable petition and dismissing the same.   The record discloses that Hugie Ford Hunter filed, against J. R. Ogletree, the nominated executor of the will of Jennie Hunter, a petition praying for a decree of specific performance that the petitioner was the adopted son of Jennie Hunter, and that he was her sole heir at law, and for an injunction restraining the defendant from proceeding with the probate of the alleged will of Jennie Hunter.   Subsequently, on February 12, 1955, the petitioner filed an amendment, making certain named parties defendants.   On February 28, 1955, the defendants filed a general demurrer to the petition, on the ground that it failed to set forth a cause of action.   On March 19, 1955, the plaintiff filed an amendment, which was allowed subject to objection, adding two counts to the original petition; and on March 28, 1955, he filed an amendment to count 1 of the petition, making certain material allegations, and praying therein that he be decreed "to have been, and being, the adopted child of Jennie Hunter."   The record does not disclose that the defendants filed any objections to these amendments, nor any demurrers to the same, nor that they renewed their general demurrer which was filed to the petition as first amended.   The court passed an order on July 27, 1955, sustaining the general demurrer of the defendant which was filed on February 28, 1955.

When the petition in this case, as first amended, was demurred

to, and thereafter was amended, the questions raised by such demurrer became moot, and the demurrer was extinct or nugatory. *Holliday* v. *Pope,* 205 *Ga.* 301, 308 (53 S. E. 2d 350). A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects (*Mooney* v. *Mooney,* 200 *Ga.* 395 (2), 37 S. E. 2d 195), and in such case the demurrer should be renewed if it is still relied on. *Livingston* v. *Barnett,* 193 *Ga.* 640 (1) (19 S. E. 2d 385). In *Powell* v. *Cheshire,* 70 *Ga.* 357 (2b) (48 Am. R. 572), the court sustained a general demurrer as filed against the original petition. It appeared that a certain amendment had been filed to the petition after a general demurrer had been filed, and the case was reviewed on the plaintiff's writ of error. This court there said (p. 360): "The bill tried was not demurred to at all. That bill is the bill as amended. After the amendment, there was no demurrer at all." In *Head* v. *Lee,* 203 *Ga.* 191 (45 S. E. 2d 666), the trial court, after sustaining certain grounds of special demurrer to the petition, permitted the filing of an amendment thereto, and no further demurrers were filed, nor was the original demurrer renewed. In reviewing the assignments of error on the order sustaining the special demurrers, this court stated (p. 197): "The demurrer, not having been renewed to the petition as amended, was no longer before the court, and therefore it was erroneous to render the judgment complained of."

It thus appearing that the order complained of in this case is a judgment sustaining a general demurrer to a petition, which general demurrer was filed prior to the filing of two material amendments by the plaintiff, and it also appearing from the record that no objection was interposed by the defendants to these amendments, and that no new demurrer was filed, nor the original demurrer renewed (the case being before the court upon the petition with the amendments), it was error for the court to dismiss the petition.

*Judgment reversed. All the Justices concur.*