19214, 19218. MYERS *et al. v.* GRANT *et al;* and *vice versa.*

MOBLEY, Justice. "Where the court sustains any or all demurrers to pleadings, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment." Ga. L. 1952, p. 243 (Code, Ann. Supp., § 81-1001); *Norton v. Hamilton,* 92 *Ga. App.* 2 (87 S. E. 2d 442). And where, as here, the trial court entered a judgment overruling the defendants' general demurrer and overruling certain grounds of the defendants' special demurrers to the petition as amended, and sustaining other special demurrers, and allowed time within which to amend the petition, and after the expiration of such time no further adjudication was made on the sufficiency of the petition, but the defendants in a direct bill of exceptions excepted to the judgment in so far as it overruled their general and special grounds of demurrer, and the petitioners in a cross-bill of exceptions assigned error upon the judgment in so far as it sustained any of the grounds of special demurrer—such judgment is not subject to exception or review, and this court is without jurisdiction of the writs of error, and they must be

*Dismissed. All the Justices concur.*

ARGUED JANUARY 10, 1956—DECIDED FEBRUARY 13, 1956.

*Kenyon, Kenyon & Gunter,* for plaintiff in error.

*R. Wilson Smith, Jr., Emory F. Robinson, Wheeler, Robinson & Thurmond, R. F. Schuder, Robt. J. Reed,* contra.