### 19976.  HANCOCK *v.* WILSON.

HEAD, Justice.  1. In the present case, the caveat was several times amended, and demurred to; some of the grounds of the demurrers were overruled, and others sustained with the right to amend. When a pleading is amended, after being demurred to, questions made by the first demurrer become moot, and

when the pleading is again demurred to, and again amended, the second demurrer likewise becomes extinct and nugatory. Code (Ann.) § 81-1001; *Holliday* v. *Pope*, 205 *Ga.* 301, 308 (53 S. E. 2d 350) ; *Hunter* v. *Ogletree*, 212 *Ga.* 38 (89 S. E. 2d 891). To the redrafted caveat (which recites that it was filed "pursuant to the direction of the court") the propounder renewed "all of his demurrers heretofore filed." The redrafted caveat sufficiently alleged mental incapacity, undue influence, and fraud, to withstand a general demurrer. The grounds of the special demurrers, previously filed, were not germane to the allegations of the redrafted caveat, were not meritorious, and the court did not err in overruling them.

2. "The weight of testimony and the credibility of a witness are peculiarly and exclusively, under the law of Georgia, questions for the jury; . . ." *Raleigh & Gaston R. Co.* v. *Allen*, 106 *Ga.* 572, 575 (32 S. E. 622) ; *Adler* v. *Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824) ; *Knox* v. *Knox*, 213 *Ga.* 677, 679 (101 S. E. 2d 89). A careful consideration of the testimony and the documentary evidence (consisting of more than 550 pages of the record) reveals that the verdict is not without evidence to support it. The motion for judgment notwithstanding verdict, and the general grounds of the motion for new trial, were properly denied.

3. In ground 4 of the amended motion for new trial, error is assigned on an extract from the charge of the court, on the ground that: (a) the caveat was insufficient to submit to the jury the issue of fraud and undue influence; (b) the charge was not adjusted to the evidence; and (c) the charge was confusing and misleading, in that it failed to exclude mental incapacity, and the court nowhere stated to the jury that there was insufficient evidence to authorize the jury to find that the testatrix did not have sufficient mental capacity to make a will. Under the ruling in headnote 1, the caveat was sufficient to charge undue influence and fraud, and under the ruling in headnote 2, the evidence was sufficient to sustain the verdict. This charge was, therefore, adjusted to the evidence. The judge in his charge specifically instructed the jury that he did not submit for their consideration ground 2 of the caveat, relating to mental incapacity, and this issue not being submitted, no further charge on mental incapacity was required.

4. In the other assignments of error on extracts from the charge

of the court (grounds 5 through 19 inclusive), it is contended that the charge given was not adjusted to the pleadings or the evidence; or was confusing and misleading; or argumentative; or amounted to the expression of an opinion by the trial judge; or was erroneous on the burden of proof; or improperly denied the propounder a de novo trial. These contentions are clearly without merit. The charge properly submitted the issues in the cause, was complete and impartial, and was not subject to any of the attacks made upon it.

5. The trial court did not err in admitting the documentary evidence from the court of ordinary, set out in grounds 20 and 21, over the objections that such evidence was irrelevant, immaterial, harmful, and prejudicial.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1958—DECIDED MARCH 7, 1958— REHEARING DENIED MARCH 21, 1958.

*C. E. Moore, Oliver C. Hancock,* for plaintiff in error.

*A. Paul Cadenhead, Nall, Sterne, Miller, Cadenhead & Dennis, Robert E. Hicks, B. Carl Buice,* contra.