20017. UNITED JEWELERS, INC., *et al. v.* EMANUEL BURTON DIAMOND COMPANY.

ARGUED APRIL 15, 1958—DECIDED MAY 7, 1958—REHEARING DENIED JUNE 4, 1958.

*Frank E. Blankenship, Augustine Sams, Grigsby H. Wotton,* for plaintiffs in error.

*Marvin P. Nodvin,* contra.

HEAD, Justice. 1. Where separate judgments are rendered and excepted to, the only judgment which requires consideration by this court is that judgment which overruled the demurrers to the petition as finally amended, and to the last amendment. "This is true for the reason that, when the original petition was amended after being demurred to, the questions raised by the first demurrer became moot, and the demurrer became extinct or nugatory, and when the petition as then amended was demurred to and again amended, the second demurrer likewise became extinct or nugatory." *Holliday* v. *Pope,* 205 *Ga.* 301, 308 (53 S. E. 2d 350); *Hunter* v. *Ogletree,* 212 *Ga.* 38 (89 .S. E. 2d 891); *Hancock* v. *Wilson,* 214 *Ga.* 60 (102 S. E. 2d 551).

In the present case, when the amendment to the "redrafted" petition was filed, all of the defendants, with the exception of R. M. Graves, demurred specially to the petition on the ground that it contained a misjoinder of parties defendant and of causes of action. If the defendants wanted to demur specially on the ground of misjoinder, such demurrers should have been filed to the amendment naming them as parties defendant. The amendment to the "redrafted" petition in no wise changed or added to its material allegations, and, therefore, the special demurrers on the grounds of misjoinder were not filed in time, and properly

should have been dismissed. *Tucker* v. *Howard L. Carmichael & Sons,* 208 *Ga.* 201, 207 (65 S. E. 2d 909). There was no motion to dismiss, and the trial judge did not, in fact, dismiss these special demurrers, but ruled on the merits, and this being true, the plaintiff waived the time of filing. *Mayo* v. *Owen,* 207 *Ga.* 641, 642 (63 S. E. 2d 649). The fact that the trial judge ruled on the merits of these special demurrers, rather than dismissing them, can not, however, benefit these defendants.

"There is no misjoinder of parties or of causes of action, even if the petition concerns things of a different nature against several defendants whose rights are distinct, if it sets forth one connected interest among them all, centering in the point in issue in the case." *Hermann* v. *Mobley,* 172 *Ga.* 380 (3) (158 S. E. 38); *Goodroe* v. *C. L. C. Thomas Warehouse,* 185 *Ga.* 399 (195 S. E. 199); *Grant* v. *Hart,* 192 *Ga.* 153, 155 (14 S. E. 2d 860); *Lyle* v. *Keehn,* 195 *Ga.* 508, 514 (24 S. E. 2d 655); *Briarcliff, Inc.* v. *Kelley,* 198 *Ga.* 390, 395 (31 S. E. 2d 586); *Williamon* v. *Williamon,* 209 *Ga.* 494, 495 (3) (74 S. E. 2d 71).

The petition having stated a cause of action against all of the defendants, the special demurrers on the ground of misjoinder were properly overruled, since the petition set forth a connected interest of all of the defendants in the main issue set forth.

It was not error to overrule the general demurrers of the defendants, and the written motion to dismiss in the nature of a general demurrer. The petition clearly having stated a cause of action, no error or abuse of discretion is shown in the order appointing a receiver. Code § 55-305; *Crockett* v. *Wilson,* 184 *Ga.* 539 (192 S. E. 19).

2. When the amendment naming R. M. Graves as a party defendant was filed in November, 1954, a rule nisi was duly issued, and this defendant filed only a general demurrer. R. M. Graves can not now complain that the amendment making him a party did not have attached thereto any process. Appearance and pleading is a waiver of the absence of process and the service thereof. Code § 81-209. Any defect as to process is waived by the filing of a general demurrer asserting that the petition sets forth no cause of action. *Wilson* v. *City Council of Augusta,* 165 *Ga.* 520 (141 S. E. 412); *Herring* v. *Herring,* 208 *Ga.* 146 (3) (65 S. E. 2d 584).

On February 29, 1956, the general demurrer of the defendant R. M. Graves was sustained "with leave for the plaintiff to amend the petition within 15 days from this date." No amendment was filed within the 15-day period, and no further order was entered by the court prior to an amendment filed to the petition on March 22, 1956. To this amendment R. M. Graves filed a general demurrer and motion to dismiss.

" 'Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment.' Ga. L. 1952, p. 243 (Code, Ann. Supp., § 81-1001). The trial court having rendered no judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment, and after the amendment filed by the plaintiff, the ruling on the demurrers here excepted to can not be reviewed in this court. *Myers* v. *Grant*, 212 *Ga.* 182 (91 S. E. 2d 335) ; *Adams* v. *Ricks*, 91 *Ga. App.* 494, 498 (86 S. E. 2d 329) ; *Norton* v. *Hamilton*, 92 *Ga. App.* 2 (87 S. E. 2d 442)." *Jacoby* v. *Jacoby*, 212 *Ga.* 295 (92 S. E. 2d 7).

The defendant R. M. Graves having failed to apply for and procure a final order of dismissal prior to the amendment which was later offered, and to which he again demurred, he will not now be heard to complain of his own failure to apply for a proper formal order of dismissal as to him. Particularly is this true since the plaintiff could not except to the original order until a final order of dismissal was entered.

To the petition as finally amended, the defendant R. M. Graves filed only a general demurrer, wherein it is stated that he "renews each and every ground of his general and special demurrers heretofore filed." He did not file any special demurrer attacking the petition on the grounds of misjoinder of parties defendant or causes of action, and questions as to misjoinder or nonjoinder can not be made by general demurrer. *Farmers & Merchants Bank of Manchester* v. *Gibson*, 211 *Ga.* 270 (85 S. E. 2d 513). The ruling heretofore made as to the

sufficiency of the petition, as amended, to state a cause of action for the relief sought, is applicable to this defendant.

*Judgment affirmed.  All the Justices concur.*