### 38934.   DEICH *et al.* v. AMERICAN DISCOUNT COMPANY.

DECIDED SEPTEMBER 5, 1961.

309

*Crawford, Leeb & Calhoun, Ralph L. Crawford,* for plaintiffs in error.

*Kennedy & Sognier, John G. Kennedy, Jr.,* contra.

NICHOLS, Judge. ■ The defendant in error has made a motion to dismiss the writ of error because of numerous "changes" in the judge's certificate on the bill of exceptions. These changes involve the date of tender as well as the date of certification. Each change was made in pen and ink, and under the decisions in the cases of *Crawford v. Cook,* 48 Ga. App. 456 (1) (173 SE 187); and *Fairfax Loan &c. Co. v. Turner,* 49 Ga. App. 300 (2) (175 SE 267), where the dates last shown were within the time provided for such tender and certification, the remedy of the defendant in error, if such changes were alterations made after the certificate by the trial court, is a suit in equity to set aside any adverse judgment obtained from this court by fraud. See *Wade v. Watson,* 133 Ga. 608 (66 SE 922), and citations. Accordingly the motion to dismiss must be denied.

■ The original traverse was filed on July 19, 1960, and the motion to dismiss such traverse was filed February 21, 1961. Thereafter, on March 1, 1961, the amendment to the traverse was allowed "subject to objection" and on March 3, 1961, the first

judgment sustaining the motion to dismiss and dismissing the traverse was entered. No renewal of the motion to dismiss appears in the record, and the amendment, being a material amendment, opened the traverse to renewed attack by general demurrer, or motion to dismiss in the nature of a general demurrer.

In *Hunter v. Ogletree*, 212 Ga. 38 (89 SE2d 891), the Supreme Court said: "Where a general demurrer is filed to a petition, and subsequently material amendments to the petition are allowed and filed subject to objections, the questions raised by such demurrer become moot; and when the original general demurrer is not renewed to the petition as amended, nor any new demurrers filed to the petition as amended, it is error to sustain the original general demurrer and dismiss the petition as amended." In that case the Supreme Court quoted with approval the following language from *Head v. Lee*, 203 Ga. 191, 197 (45 SE2d 666): "The demurrer, not having been renewed to the petition as amended, was no longer before the court, and therefore it was erroneous to render the judgment complained of."

In *Stone v. Richardson*, 76 Ga. 97, the Supreme Court held that a traverse of a sheriff's return is amendable at a time subsequent to the time at which it is filed.

Accordingly, the traverse was an amendable pleading, and when the material amendment was filed the motion to dismiss became moot and the judgment sustaining such motion was error.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*