21745, 21746. STUART v. BERRY; and vice versa.

ARGUED SEPTEMBER 10, 1962—DECIDED OCTOBER 4, 1962.

*Swift, Pease, Davidson & Chapman, Grogan & Jones, Hatcher, Smith, Stubbs, Land & Rothschild,* for plaintiff in error.

*Kelly, Champion & Henson,* contra.

HEAD, Presiding Justice. Mrs. Jean Newsome Berry filed an action for damages against Marcus E. Stuart for the alleged wrongful death of her husband, Paul T. Berry. She alleged that her husband's death was caused by defective wiring installed by employees of the defendant. She asserted, as one ground of negligence, that such wiring was not in compliance with pleaded portions of the Muscogee County Building Code.

The defendant filed general and special demurrers and an answer. Thereafter the plaintiff filed three amendments, and the defendant renewed his demurrers previously filed after each amendment and demurred specially to each of the amendments. On March 28, 1962, the judge of the city court overruled all demurrers of the plaintiff to the defendant's answer, sustained certain of the special demurrers to the petition, and overruled all other demurrers, general and special. In this order the judge

overruled the special demurrers of the defendant which attacked the constitutionality of the act entitled, "Muscogee County—Building Codes" (Ga. L. 1951, pp. 2729-2735), but sustained the special demurrers attacking the pleaded portions of the Muscogee County Building Code because the National Electric Code, referred to in the building code adopted by the Commissioners of Roads and Revenues of Muscogee County, was not incorporated in the Muscogee County Building Code. It was ordered that the plaintiff purge her petition of the portions stricken by the sustaining of the demurrers and that she replead. On April 16, 1962, the repleaded petition was filed. On the same date the defendant filed his objections to the repleaded petition, and "renewed" each of his demurrers, general and special, to the repleaded petition.

In the main bill of exceptions error is assigned by defendant in the trial court on the order of the judge of March 28, 1962, overruling his general demurrers to the petition as amended, and overruling certain special demurrers to the petition as amended by the first, second, and third amendments. Error is also assigned on the order of the court overruling his objections to the repleaded petition, and to the order of the court overruling the renewed general and special demurrers to the repleaded petition.

The plaintiff in the trial court by cross-bill of exceptions assigned error on the order of the court overruling her demurrers to the defendant's answer, on the order sustaining certain special demurrers to her pleadings, and on the order requiring her to replead her petition omitting the allegations stricken on demurrer.

The writs of error were directed to the Court of Appeals, and that court by formal order transferred the writs to this court, "being of the opinion that the case is one of which the Supreme Court and not this court has jurisdiction, . . ." It is the duty of this court, with or without motion, to determine its jurisdiction.

"Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings

after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment." Ga. L. 1952, p. 243 (*Code Ann.* § 81-1001). "When a pleading is amended, after being demurred to, questions made by the first demurrer become moot, and when the pleading is again demurred to, and again amended, the second demurrer likewise becomes extinct and nugatory. *Code (Ann.)* § 81-1001; *Holliday v. Pope,* 205 Ga. 301, 308 (53 SE2d 350); *Hunter v. Ogletree,* 212 Ga. 38 (89 SE2d 891)." *Hancock v. Wilson,* 214 Ga. 60 (102 SE2d 551); *Myers v. Grant,* 212 Ga. 182 (91 SE2d 335); *McCormick v. Johnson,* 213 Ga. 544 (100 SE2d 195); *United Jewelers, Inc. v. Emanuel Burton Diamond Co.,* 214 Ga. 170, 173 (104 SE2d 87); *Weinstein v. Rothberg,* 87 Ga. App. 94 (73 SE2d 106); *Adams v. Ricks,* 91 Ga. App. 494, 497 (86 SE2d 329); *Norton v. Hamilton,* 92 Ga. App. 2 (87 SE2d 442); *Blackstock v. Fisher,* 95 Ga. App. 117 (97 SE2d 322); *Morris v. Cochran,* 97 Ga. App. 751 (104 SE2d 544).

The above quoted rule from the act of 1952, as construed by this court and the Court of Appeals, renders moot the overruling of the demurrers to the original petition, to the three amendments, and to the petition as amended. The sole question for review in the main bill of exceptions is the validity of the repleaded petition. The repleaded petition makes no reference to the act entitled, "Muscogee County—Building Codes" (Ga. L. 1951, pp. 2729-2735), or to any action of the Commissioners of Roads and Revenues of Muscogee County pursuant thereto, and the rulings of the court on the constitutional attacks based on allegations of the original petition can not be reviewed.

There being no constitutional question for review, nor any other question invoking the jurisdiction of this court under the Constitution, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704), the Court of Appeals, and not this court, has jurisdiction of the writs of error.

*Returned to the Court of Appeals. All the Justices concur.*