### 42316. STONE v. STRANGE.

FRANKUM, Judge. 1. "Where a general demurrer is filed to a petition, and subsequently material amendments to the petition are allowed and filed subject to objections, the questions raised by such demurrer become moot; and when the original general demurrer is not renewed to the petition as amended, nor any new demurrers filed to the petition as amended, it is error to sustain the original general demurrer and dismiss the petition as amended." *Hunter v. Ogletree*, 212 Ga. 38 (89 SE2d 891); *Mid-State &c. Corp. v. Wiggins*, 217 Ga. 372 (1) (122 SE2d 106); *Williams v. Hudgens*, 217 Ga. 706, 709 (1) (124 SE2d 746); *Deich v. American Discount Co.*, 104 Ga. App. 308 (2) (121 SE2d 702). Under the foregoing authorities, where the defendant filed an answer and cross action to which the plaintiff filed demurrers on November 22, 1965, and where thereafter on May 13, 1966, the defendant filed an amendment to his answer and cross action by which material changes were made, and where the plaintiff did not thereafter renew his demurrers to the answer and cross action, it was error for the court to sustain

the grounds of plaintiff's general demurrer to the answer and cross action and dismiss it.

2. Under the authorities cited in the preceding headnote, where the court did not undertake to pass upon the defendant's demurrers to the plaintiff's petition until after the plaintiff had filed a material amendment, and where the defendant did not, after the filing of such an amendment, in any wise renew the grounds of his original demurrer to the plaintiff's petition but merely demurred to the amendment and to Count 3 of the petition which was added thereby, the court had no authority, after the amendment had been filed, to entertain or consider or to pass upon such original demurrer. However, the judgment of the court overruling "Ground 2 of defendant's general demurrer to Count 1 of plaintiff's petition," which could only have had reference to the original grounds of demurrer, while erroneous, reached the only result legally permissible, and, therefore, it was not a ruling of which the defendant can complain, since he, by failing to renew the grounds of his demurrer after the petition had been materially amended, thereby abandoned them.

3. The only demurrers filed by the defendant attacking the plaintiff's pleadings subsequent to the plaintiff's amendment to his petition were two grounds of general demurrer directed to the amendment and to Count 3 of the petition which was added by the amendment. The defendant having failed to renew his demurrers attacking the petition as a whole, the enumeration of error that "the court erred in overruling plaintiff in error's demurrer to petition" presents nothing for this court to consider.

4. "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." *Code* § 81-209. Demurring generally is pleading to the merits, and unless a general demurrer is filed with the distinct protestation that no jurisdiction over the defendant has been acquired by reason of some defect in the process, in the prayer therefor, or in the service thereof, it amounts to such waiver as is referred to in the Code section cited. *Connor v. Hodges,* 7 Ga. App. 153 (2) (66 SE 546). Likewise, filing an answer is pleading to the merits, and where done without express reservation of the defendant's right to insist upon irregularities in the process, it too amounts to a waiver of any such irregularities. *Giddens v.*

*Rentz*, 35 Ga. App. 411 (1) (133 SE 265). Even an entire absence of process or of a prayer therefor is an amendable defect which is waived by appearance and pleading. *Dykes v. Jones*, 129 Ga. 99, 102 (2) (58 SE 645). So, the insistence of the appellant in this case that the trial court erred in overruling his motion to quash process on the ground that the prayer therefor was not a legal prayer for process, if it be otherwise meritorious, relates to a matter which has been waived by his filing a general demurrer and an answer to the plaintiff's petition without reserving therein his right to insist on his motion to quash.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 9, 1966—DECIDED JANUARY 19, 1967.

*Sam Johnson*, for appellant.
*B. Daniel Dubberly, Jr.*, for appellee.