WILLIAM A. ELDER, plaintiff in error, *vs.* ABRAM W. COZART, defendant in error.

1. The statement to the jury of what each party claims to be true, and upon which they dispute in contention and argument before the jury, is not an expression or intimation of an opinion on the evidence, in the sense of section 3248 of the Code.
2. Whilst it may be error for the court to say to the jury that from one given fact they may infer another, as the intimation of opinion on evidence, yet, if the facts referred to be wholly immaterial, and could not affect the verdict, a new trial should not be granted for such reason.
3. The entry of service by the sheriff is conclusive, unless it be traversed according to law, and within the time, and at the term of the court which the statute prescribes.

Practice in the Superior Court. Charge of Court. Service. Sheriffs. New trial. Before Judge PEEPLES. Spalding Superior Court. February Term, 1877.

This was a motion to set aside a judgment rendered in 1866, on the ground that movant, who was one of the defendants, had not been served. There was the usual entry of service on the declaration. The sheriff was not a party to the proceeding. The sole issue was one of service or no service. On the trial, movant swore that he had never been served personally, and never heard of any copy being left at his residence; that had he been served, he would have recollected it. He denied using the language testified to by Wilson as having been spoken by him. Wilson, who was deputy sheriff at the time of the entry of service, testified that he served movant personally; that he remembers the fact particularly, because he found the latter in his barn, and handed him a copy, and movant, becoming angry, swore that he would not pay the debt, as it was only a security debt. Walker, who controlled the *fi. fa.*, testified that movant had one or two conversations with him about the debt. In one of these, movant recommended garnishment as a means of realizing money from one of his principals; in another, he said he thought it hard that he should have to pay the debt of his principals. Nothing was said directly about the suit or judgment. In his evidence, movant denied knowledge of them until levy was made on his property.

For the remaining facts, see the opinion.

Boynton & Dismuke, for plaintiff in error.

Speer & Stewart; Cabaniss & Turner, for defendant.

Jackson, Judge.

This was a motion to set aside a judgment solely on the ground that the defendant had not been served, and the parties went to trial on that issue. The sheriff had returned and entered service on the writ, and he was not made a party to the traverse; but no objection was made thereto by the defendant to the motion. On the issue, the sheriff swore

that he did serve the defendant in the suit—Elder; and there are circumstances which strongly corroborate his recollection, which was clear and distinct, and good reasons therefor were given. The defendant (Elder) only swore that he remembered nothing about being served, and the service was some ten years before. The jury found that he was served, and he appeals to this court because the judge refused to set aside the verdict and grant a new trial.

1. He says first that the judge expressed an opinion on the evidence. It appears from the record that, in summing up, the judge said to the jury that one party *claimed* so and so to be true, and that the other denied its truth, but insisted that such and such other facts were true. We think that this is no expression of an opinion on the truth of the evidence as *claimed* by either party, but that it put fairly before the jury the points on which they were in dispute. We hold it to be perfectly legitimate for the judge to do so, if fairly done; and in this case it was done in entire fairness to each party. See *Weekes vs. Cottingham*, 58 *Ga. R.*, 559.

2. The second ground insisted on is, that the court charged to the effect, that if the defendant had notice of the judgment for some years, and did not move to set it aside, the jury *were authorized to* infer from it, and other circumstances in the case, that defendant had no objection to the judgment. This charge may be erroneous, but we think it immaterial, and that it could not, if corrected, affect the verdict. The intimation of an opinion, or its expression, on an immaterial fact, will not require a new trial; and if this charge amounts to an expression on the evidence, in that it says that the jury are *authorized* to infer one fact from another, to-wit: that the defendant had no objection to the regularity of the judgment, because he did not sooner move to set it aside; yet, such argument on the evidence, or intimation, or expression, as to the number of years that the judgment was not acted on, was immaterial. The date of the judgment showed how long it had been obtained, and

the intimation about its age was wholly immaterial.   See 12 *Ga.*, 213; 56 *Ib.*, 368.

3. It has been repeatedly ruled that the return of the sheriff is conclusive, unless traversed, and that the sheriff should be a party to the traverse, and that it must be made at the next term after notice of the entry.   In this case, *on this* trial, the necessity of making the sheriff a party may have been waived, as also the formal traverse, and the time when it ought to be made, as the parties went to trial on the issue of service or no service; but if the case should go back, Cozart could object to any traverse, as the time had expired for making it, and the entry would conclude the case.

Besides, the verdict is right.   There can be little, if any, doubt that Elder was served, and a new trial would not change, and ought not to change, the result.

Judgment affirmed.