12024.   PAYNE, agent, etc., *v.* YOUNG.

STEPHENS, J. 1. Evidence that a flagman of a railroad-train, a few minutes after having attended to his duties in going back along a track to flag a train, was seen sitting on the outside of the rails of an adjacent track on the projecting cross-ties, and that shortly after a train had passed over the latter track the flagman was found lying by the track unconscious, with such a wound in his head as could have been made by a passing train, warrants the inference that he was injured from being struck by a passing train.

2. Where the right of the injured person to recover against the railroad company is dependent upon the Federal employers' liability act, and his suit against the railroad company for such recovery is predicated upon the alleged negligence of the defendant in not keeping a lookout on the train which injured the plaintiff, so as to discover his helpless condition on the track after he had fainted and fallen over unconscious on the track, and in not stopping its train after the plaintiff's presence in such helpless and dangerous condition had become known to the defendant, evidence that the track was straight and unobstructed, in the direction from which the train approached, for three quarters of a mile beyond where the injured person was found, that it was about two o'clock p. m. on a clear day, and that if the plaintiff's presence had been seen by the engineer keeping a lookout the train which injured him could have been stopped in time to prevent the injury, and that the train, according to the testimony of the engineer, was running a race with another train, and that this engineer kept a lookout, and that people had been in the habit of frequenting the place where the injured person was found, warrants the inference that the servants of the railroad in charge of the approaching train saw the plaintiff, or negligently failed to see him, and thereby negligently injured him.

3. An exception in a motion for a new trial to the refusal of the court to strike from the record all of the evidence of a certain witness "with reference to outsiders walking on or along the tracks at or near the place where the plaintiff alleged he was injured," where it does not appear what the evidence was, is incomplete and presents no question for this court to pass upon. However, evidence that persons were in the habit of frequenting the right of way of the railroad company at the place where the plaintiff was injured was relevant to the issue and was properly admitted.

4. An exception to an admittedly correct extract from the charge of the court, upon the ground that the court erred in giving it in charge, because the court failed, in the extract quoted or elsewhere in the charge, to give additional instructions, presents no ground of error, and is therefore without merit.

5. From the nature of the injury which the plaintiff received in his head, and the pain and suffering which it appears from the evidence he underwent, this court cannot hold that the trial judge abused his discretion in overruling the defendant's motion for a new trial upon the ground that the verdict in the sum of $5,000 was excessive.

Judgment affirmed. Jenkins, P. J., and Hill, J., concur.

DECIDED AUGUST 31, 1921.

Action for damages; from Habersham superior court — Judge J. B. Jones. November 22, 1920.

Application for certiorari was denied by the Supreme Court.

I. H. Sutton, E. A. Neely, E. J. Kimsey, for plaintiff in error.

H. H. Perry, W. A. Charters, G. G. Allen, contra.