## 12666. HETRICK *v.* THE STATE.

1. When considered in connection with the remainder of the charge the judge did not err in failing to add the words "and beyond a reasonable doubt" to the words "to a reasonable and moral certainty," in the excerpt from the charge embodied in the first ground of the amendment to the motion for a new trial.

2. While the indictment in this case contained three counts, all of them "covered the same offense, and the same transaction, and the embezzlement of the same funds, and all were based on the same statute." In *Innes* v. *State,* 19 *Ga. App.* 273 (91 S. E. 339), this court held: "It is well settled that an indictment may in several counts charge a violation of one statute in different ways; in which event a general verdict of guilty is good if the evidence sustains either count." See, in this connection, *Jones* v. *State,* 12 *Ga. App.* 564 (2) (77 S. E. 892); *Colquitt* v. *State,* 6 *Ga. App.* 109 (64 S. E. 281).

3. The evidence was sufficient to authorize a charge on admissions and confessions.

4. In the light of the entire charge the court did not err in instructing the jury as follows: "It is not incumbent upon the State to show the full amount charged in the indictment; any part, either the full amount of ninety-odd thousand dollars and cents, or any part would be sufficient, as far as the amount is involved in the case."

5. The court did not err in allowing the auditor to testify as to the "total amount" of "a large batch of checks" introduced in evidence, nor in allowing him to tell the jury how he treated these checks in his audit, as complained of in ground 6 of the amendment to the motion for a new trial; nor did the court err in ruling on the admission of evidence, as complained of in ground 9 of the amendment to the motion for a new trial. *Spence* v. *State,* 20 *Ga. App.* 62 (11) (92 S. E. 555).

6. "Generally what the court says in stating to counsel the reason for denying a motion to exclude or rule out evidence is, if pertinent to the question raised by counsel, not error, although the reason given involve a statement as to certain testimony which is already in."

7. The evidence the introduction of which was complained of in grounds 8 and 10 of the motion for a new trial was provisionally admitted, and no motion was thereafter made to exclude it, and it will be considered that counsel abandoned his objections thereto. *Quinn* v. *State,* 22 *Ga. App.* 632 (2), 634 (97 S. E. 84), and cases cited.

8. The court did not err in admitting the evidence of which complaint
is made in ground 11 of the amendment to the motion for a new trial;
nor did the ruling of the judge on this evidence violate the provisions
of § 1058 of the Penal Code of 1910 (Civil Code, § 4863).

9. For no reason assigned did the court err in admitting the checks re-
ferred to in special grounds 12, 13, 14, 17, 18, and 19 of the motion
for a new trial; nor in admitting the evidence of which complaint is
made in the 15th special ground.

10. " Observations of the court to counsel in the hearing of the jury dur-
ing the progress of the trial, though open to criticism, if of but slight
importance and only possibly, not probably, injurious, will not work a
new trial."

11. There is ample evidence to support the verdict.

DECIDED NOVEMBER 18, 1921.

Indictment for embezzlement; from Cobb superior court —
Judge Blair. June 11, 1921.

Application for certiorari was denied by the Supreme Court.

*Clay & Blair,* for plaintiff in error.

*John S. Wood, solicitor-general, L. W. Camp, Abbott & Wal-
lace, Morris & Hawkins,* contra.

BLOODWORTH, J. We will amplify only the 1st, 6th, and 10th
headnotes.

1. The first special ground of the motion for a new trial alleges
that the court erred in charging the jury as follows: " The credi-
bility of the witnesses, — that is the amount of weight to be
given to the testimony of the several witnesses who have testified
in the case, — is a matter peculiarly for you. You see them on
the witness stand, you note their demeanor, you judge of their
sources of information, their interest or want of interest in the
case, their opportunity for knowing the facts about which they
testified; and from all the facts and circumstances which appear
on the trial of the case you reach a conclusion as to what amount
of weight should be given to the several witnesses who testified
in the case, and from all the facts and circumstances you reach
a conclusion as to whether or not the prosecution has carried the
burden in the way I have stated, and shown the defendant's guilt
to a reasonable and moral certainty." This excerpt from the
charge is alleged to be error because the court did not follow the
words " to a reasonable and moral certainty " in the last line
thereof, with the words " and beyond a reasonable doubt." Else-
where in the charge the judge instructed the jury that " the effect
of his plea of not guilty is to put the burden upon the prosecu-
tion to show the defendant's guilt to a reasonable and moral cer-

tainty and beyond a reasonable doubt. Reasonable and moral certainty of the guilt of the accused is all that is required of the prosecution. A reasonable doubt is such a doubt as the term implies; that is, it is such a doubt as fair and impartial jurors find because of want of evidence, or because for some reason the evidence is not sufficient to satisfy the minds and conscience of the jurors of the guilt of the accused." In another portion of the charge the jurors were told that if they had a reasonable doubt about the guilt of the defendant, it would be their duty to give him the benefit of that doubt and acquit him. In the decision in *Bone* v. *State,* 102 *Ga.* 390 (30 S. E. 845), it was said: "One thing is quite apparent from the words of the charge: that is, that the jury would not be authorized to convict if they had a reasonable doubt of guilt, nor unless they were morally and reasonably certain of such guilt. It is difficult to conceive how the mind of a juror may reach a conclusion as to a fact to the point of moral certainty, and yet be rendered uncertain by the existence of a doubt of that fact which is reasonable." In *Cole* v. *State,* 125 *Ga.* 276 (3) (53 S. E. 958), Mr. Justice Lumpkin, speaking for the Supreme Court, said: "The charge of the court having fully explained to the jury the necessity to prove the accused guilty beyond a reasonable doubt in order to authorize a conviction, it furnished no ground for a new trial that he also stated to them that 'the State is bound only to establish his guilt to a reasonable and moral certainty; and if the State has done that, it is your duty to convict the defendant.' Taking the entire charge together, there was no error on this subject." This court. in *Austin* v. *State,* 6 *Ga. App.* 211 (64 S. E. 670), held: "The phrases 'to a moral and reasonable certainty' and 'beyond a reasonable doubt,' as applied to the quality of proof in a case, are identical in meaning." In *Thomas* v. *State,* 19 *Ga. App.* 105 (4) (9 S. E. 247), this court announced that "one distinct and unequivocal statement by the judge in his charge to the jury, that the jury must be satisfied beyond a reasonable doubt of the guilt of the accused of the offense charged in the accusation upon which he is being tried, is sufficient, and it is not necessary to reiterate this instruction in charging as to various phases of the case developed by the evidence." The rulings in the foregoing cases show that the first special ground of the motion for a new trial is without merit.

43

6. While a witness was upon the stand testifying as an expert, counsel for the defendant objected to certain evidence upon the ground that the witness had not said that he was an expert. The judge replied: "He testified he was a public accountant." This remark of the judge was not such error as would require the grant of a new trial. The witness had previously sworn that "in the fall of 1920 and until December 31st, 1920, I was a public accountant; connected with the Audit Company of the South. My place of business was 209 Candler Building, Atlanta, Georgia. Since then I have moved to Florida. I was, as a public accountant, called upon to audit the books and records of the Acworth Cotton Manufacturing Company." In *Scarborough* v. *State,* 46 *Ga.* 33, it was said: "It would be impossible to carry on a trial if this section of the code [§ 4863 of the Civil Code, and § 1058 of the Penal Code of 1910], prohibiting a judge from expressing an opinion as to what is proven, is to be construed as is contended for. A judge, in deciding as to the admissibility of testimony, must always, to some extent, decide as to its weight, since often its admissibility depends on that, so he must often determine what has been proven so as to say whether certain other things may be proven . . The only practicable rule is, to treat the jury as possessed of common sense, and as. capable of understanding what is addressed by the judge to them and what is not. He may not express to the jury any opinion; but if in the decision of any legal question, as it arises, he must pass upon the facts, the statute does not apply." In *Redwine* v. *Street,* 18 *Ga. App.* 77 (4) (81 S. E. 163), this court held: "The trial judge may give the reasons which influence him in the admission or exclusion of testimony, without expressing an opinion of what has been proved. Even though the judge, for the purpose indicated, recites or reviews some of the testimony already adduced, this is no violation of section 4863 of the Civil Code." See also *Croom* v. *State,* 90 *Ga.* 430 (3) (17 S. E. 1003); *Louisville & Nashville R. Co.* v. *Rogers,* 21 *Ga. App.* 324 (94 S. E. 321); *Hall* v. *State,* 7 *Ga. App.* 116 (5), 119 (66 S. E. 390), and cases cited.

10. Ground 16 of the motion for a new trial is as follows: "Movant insists the court erred in allowing $30,000 worth of stock-certificates of the Marietta Cotton Mill to be introduced in

evidence, as follows:   Mr. Morris:   'We tender in evidence the stock-certificates of the Marietta Cotton Mill that we have just examined the witness about, with four shares of them transferred.' Mr. Clay:   'We object, for the reason they were treated as the property of the Acworth Cotton Manufacturing Co. and for the reason they are in Mr. Awtrey's hands, and their report now and not that of Mr. Hetrick, and they don't shed any light on this transaction and are irrelevant, immaterial, and incompetent.' The court:   'Let them go in.'   Mr. Morris:   'They aggregate $30,000 par value.'   The court:   'That ought to be sufficient.' Movant insists the admissibility of this evidence and the statement of the court that 'That ought to be sufficient' was an expression of opinion on the part of the court, and was immaterial and incompetent evidence, and prejudicial to the defendant's rights."   In the brief of counsel for the plaintiff in error they impliedly abandon all their objections to the evidence referred to in this ground of the motion for a new trial, except that it "was an expression of opinion on the part of the court."   It is not alleged that it was an expression of opinion "as to what has or has not been proved, or as to the guilt of the accused."   Exactly what the judge meant by saying "that ought to be sufficient" we do not know.   Counsel for the State insists that "what the court actually did was to state that this was a sufficient description of the papers offered in evidence."   This is not an unreasonable conclusion, as the State had offered in evidence certain certificates of stock without stating the number of shares or the aggregate face value thereof; but whatever may have been intended by the judge when he used these words, we cannot say that this was such a violation of the "Dumb act" as to require the grant of a new trial.   "Observations of the court to counsel in the hearing of the jury during the progress of the trial, though open to criticism, if of but slight importance and only possibly, not probably, injurious, will not work a new trial."   *Chattanooga &c. R. C. v. Palmer*, 89 *Ga.* 161 (3) (15 S. E. 34).

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*