25723. SMALLWOOD *v.* POLLARD, receiver.

DECIDED NOVEMBER 23, 1936.

*E. F. Taylor,* for plaintiff. *Turpin & Lane,* for defendant.

STEPHENS, J. 1. This being a suit against a railroad company, in which the plaintiff sought to recover damages for personal injuries alleged to have been received by him at a railroad crossing, as a result of alleged negligence of the defendant in the operation of its train, which collided with an automobile in which the plaintiff was riding, but which another person was operating at the time, and there being evidence that the automobile was not run into by the defendant's train, but that the operator of the automobile, who was not the plaintiff, ran the automobile into the defendant's train after the engine of the train had passed over the crossing, the inference was authorized that the plaintiff's injuries were not the proximate result of any negligence of the defendant in the operation of its train as alleged, but were the result of the negligence of the operator of the automobile, unmixed with any negligence of the defendant. Therefore the verdict for the defendant was authorized.

2. The court having charged the jury that if the plaintiff's injuries were proximately caused by the concurrent negligence of both the defendant and the operator of the automobile, the plaintiff could recover the full amount of his damage from the defendant, it was not error to refuse certain requests to charge the same proposition of law. The assignment of error wherein the charge of the court which stated only a part of the contentions of the plaintiff is excepted to solely on the ground that the court failed to state all the contentions of the plaintiff is insufficient and fails to present any question for determination. In so far as appears from the assignment of error, the court may elsewhere in the charge have stated the other contentions of the plaintiff.

3. An assignment of error on a charge wherein the court stated that "these are mainly the contentions of the parties," on the

ground that the court in the charge limited the jury to a consideration of the plaintiff's contentions "as outlined by the court," is incomplete and presents nothing for determination, where it does not appear in the assignment of error what were the contentions of the parties referred to in the charge.

4. A mere statement of the contentions of a party is not an expression of opinion on the facts.

5. In a suit to recover damages for personal injuries, an erroneous charge on the measure of damage is not error as against the plaintiff, where the jury has found for the defendant. Exceptions by the plaintiff to a charge on the ground that the court erred in instructing the jury that if the defendant and another person, the driver of the automobile, were both negligent, the plaintiff, if entitled to recover, would not be entitled to recover the full amount of damage, but would be entitled to recover only an amount in proportion to the negligence of the defendant, and to a charge which limited the plaintiff's right to recover for pain and suffering only, do not show error.

6. An assignment of error which merely states that the court erred in refusing to give in charge to the jury a designated written instruction timely requested, but which does not point out wherein the court's refusal to charge as requested was error, is incomplete and fails to present any question for determination. Besides, it appears that the requested instruction, with the exception of the statement that "railroad companies are responsible not only for actual negligence but also for negligent errors of judgment on the part of their engineers," was given in charge by the court. Although the requested charge, including this last expression, was taken from the opinion of the Supreme Court in *Georgia Midland & Gulf R. Co.* v. *Evans,* 87 *Ga.* 673, 676 (13 S. E. 580), it is not necessarily, for that reason, proper matter to be given in charge to the jury. While railroad companies may be responsible for the negligence of their engineers in the operation of their trains, they are not responsible in damages to persons injured, unless it appears that such negligence was the proximate cause of the injuries. In the expression that "railroad companies are responsible not only for actual negligence but also for negligent errors of judgment on the part of their engineers," proximate cause as an element of liability is ignored. The court therefore did not err in refusing to give the requested charge in its entirety.

7. While the plaintiff alleged in the petition that the automobile in which he was riding at the time of its collision with the defendant's train was being operated at a speed of "about ten miles per hour," and there was evidence that the automobile at the time was not "going over ten miles per hour," and the evidence tended to show that the automobile was being operated at a moderate and careful rate of speed, a charge by the court that it was contended by the plaintiff that the automobile at the time was being driven along the street "at moderate rate of speed, to wit, about fifteen miles an hour," while inaccurate in its statement as to the number of miles per hour which the plaintiff contended the automobile was being operated, had reference only to the plaintiff's contention that the automobile at the time was being operated at a rate of speed which was moderate, and which under the circumstances was not negligent. The jury must necessarily have understood that the court was charging that it was the plaintiff's contention that the automobile was being operated at a rate of speed which was moderate and not negligent. The misstatement by the judge as to the number of miles at which the plaintiff contended the automobile was being operated was harmless, since it appeared from the evidence that the automobile was in fact being operated at the time at a speed not exceeding ten miles an hour, and since it can be presumed that the jury took cognizance of the evidence.

8. The charge of the court, fairly to the plaintiff, submitted the issues to the jury, and is nowhere subject to the exception that it contained any expression of opinion on the facts, or that, prejudicially to the plaintiff, it unduly stressed or repeated the contentions of the defendant.

9. The evidence authorized the verdict for the defendant, and no error appears. The superior court did not err in overruling the certiorari, whereby the plaintiff excepted to the judgment of the municipal court of Macon, overruling his motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*