35013.   LEDFORD *v.* STATE.
35014.   LEDFORD *v.* STATE.
35015.   PATTON *v.* STATE.

DECIDED FEBRUARY 19, 1954.

684

*Stafford R. Brooke,* for plaintiffs in error.

*Erwin Mitchell, Solicitor-General, Beverly Langford,* contra.

TOWNSEND, J. ■ In special ground 4 of the amended motion for new trial, error is assigned on the exclusion of evidence as follows: a witness for the State, an investigator from the Army base at which the deceased had been stationed, testified as to the taking of certain photographs which were introduced in evidence by the State. On cross-examination the witness stated that he had taken other photographs which had not been introduced in evidence, and that some of these were photographs of the automobile in which the defendants were riding. It was the defendants' contention that after the deceased had ordered them off the premises and had fired a shotgun at their automobile, which damaged it by breaking the rear glass and in other particulars, they returned for the sole purpose of reaching an agreement as to payment by the soldier for the damage he had done to the borrowed car. The condition of the automobile, then, was relevant and material to the defense. The court ruled out the question, "Now what, if anything, did you find wrong with the rear end of the car?" and sustained an objection to that line of questioning on the ground that the defendant would not be entitled to cross-examine the witness as to photographs he had made of the automobile unless he stated that he would offer the photographs in evidence. Counsel for the defendants refused to do

this on the ground that he had not seen the photographs, and until the witness had been questioned concerning them he would have no means of knowing whether he wished to introduce them or not. Error is assigned on the court's ruling on the ground that it wrongfully abridged their right of cross-examination.

Code § 38-1705 provides: "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him. If several parties to the same case shall have distinct interests, each may exercise this right." The purpose of cross-examination is to provide a searching test of the intelligence, memory, accuracy, and veracity of the witnesses, and it is better for cross-examination to be too free than too much restricted. *Harris* v. *Central Railroad,* 78 *Ga.* 525 (3) (3 S. E. 355). Even had the State's examination of the witness been limited to the formal question of identification of the photographs which it intended to use, the defendants still had the right to cross-examine the same witness as to every relevant and material aspect of the case which came within such witness's investigation. *First Nat. Bank of Birmingham* v. *Carmichael,* 198 *Ga.* 309, 314 (2b) (31 S. E. 2d 811). Where the relevancy of documents which may be used as evidence appears, it is error to unduly restrict the cross-examination relating to such documents. See, in this regard, *McGinty* v. *State,* 59 *Ga. App.* 675 (1) (2 S. E. 2d 134). The questions here related to a material defense, and it was error to exclude this line of testimony on the ground that counsel, who did not know the contents of the photographs which the State had not elected to use, had to first choose whether to offer and be bound by them before questioning the witness in their regard. This error, which cut off a substantial right, is such as to demand reversal of this case.

■ Special ground 1 of the amended motion for new trial complains of an excerpt from the charge relating to mutual combat as a defense which would reduce the crime of murder to one of manslaughter, because, it is contended, the trial court omitted to include therein the principles of Code § 26-1014 relating to mutual combat as applied to justifiable homicide. This section is as follows: "If a person shall kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing that, in order to save his own life, the killing of the

other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." This section does not qualify or limit the law of justifiable homicide as laid down in Code §§ 26-1011 and 26-1012. It applies exclusively to cases of self-defense from danger to life arising in the progress of a fight wherein both parties are at fault. Other sections apply when the homicide is committed in good faith to prevent the perpetration of the offenses mentioned in Code § 26-1011 or under the fears of a reasonable man that unless the person who is actually or apparently about to commit them be slain such offenses are about to be perpetrated. *White* v. *State*, 24 *Ga. App.* 122 (100 S. E. 9). There was evidence in the record to authorize the jury to find that all parties had, shortly before the homicide, been at fault. The deceased had fired on the defendants. The defendants did not offer a defense against the assault at that time, but came back shortly thereafter armed with guns. They contended that the purpose of their return was not to commit an assault or engage in mutual combat, but merely to discuss payment for the damages inflicted by the defendant on their automobile. The jury would nevertheless have been authorized to find against this contention and attribute a more militant purpose to their return, such as revenge or mutual combat. Thereafter, when they entered the house and the deceased stepped from behind the door, two of these defendants dropped their guns on command, and must be held at that moment to have "really and in good faith endeavored to decline any further struggle." As to the third defendant, Herman Ledford, the jury might have found from the evidence (a) that he fired first, or (b) that he did not intend to give further struggle, and fired only after the deceased had fired at him. Even had the deceased fired first, the evidence would not be conclusive that this defendant had declined further combat. However, under this conflicting evidence, all the facts and circumstances were such as to require the court to charge on Code § 26-1014, and to leave the defense of justifiable homicide, in cases where both parties are at fault but the defendant thereafter declines further struggle and kills under the absolute necessity of saving his own life, for the jury's

consideration along with the other elements of the case. The distinction between the law relating to mutual combat in reducing the crime from murder to manslaughter, and justifiable homicide following cases of mutual combat and under actual necessity as set forth in Code § 26-1014, should be clearly pointed out where the evidence so authorizes, and where the court undertakes to charge upon justification it is incumbent upon it to do so correctly. *McKibben* v. *State*, 88 *Ga. App.* 466 (77 S. E. 2d 86).

It follows, therefore, that Code § 26-1014 should have been charged. However, the complaint should be that the court failed to charge the principles of law embodied therein, and not that some other excerpt from the charge was error because this Code section was not charged in conjunction therewith, the ' charge complained of being a correct charge on the law of mutual combat in relation to reducing the crime of murder to manslaughter. An admittedly correct excerpt from the charge can not be assigned as error on the ground that additional instructions are not presented therewith. *Payne* v. *Young*, 27 *Ga. App.* 370 (4) (108 S. E. 312); *Lumpkin* v. *State*, 152 *Ga.* 229 (3) (109 S. E. 664). Since, therefore, the assignment of error here is insufficient to raise the question, this ground of the amended motion for new trial shows no cause for reversal.

■ The remaining special grounds assign error on excerpts from the charge on the ground that they are argumentative and constitute expressions of opinion. As the case is being reversed on other grounds, it is unnecessary to consider these grounds, except to say that it does not appear that the court charged the contentions of the State in such manner as to disparage the defendants' contentions.

The trial court erred in denying the motion for a new trial for the reasons set forth in the first division of this opinion.

*Judgment reversed. Carlisle, J., concurs. Gardner, P. J., concurs in the judgment.*