92 Ga. App. 413 (1955)
88 S.E.2d 528
EVERGREEN MEMORY GARDENS, INC.
v.
BLYTHE.
35724.
Court of Appeals of Georgia.
Decided July 7, 1955.
J. Walter Owens, Paul Blanchard, for plaintiff in error.
Charles A. Hughey, Harry Dicus, contra.
*417 CARLISLE, J.
1. The general grounds of a motion for new trial which are not argued in this court either orally or in the brief of counsel for the plaintiff in error, and upon which there is no general insistence, will be treated as abandoned.
2. Where, in an action brought solely for the breach of a special contract in writing, by the terms of which the plaintiff was for the period of one year to perform designated services for the defendant at a specified remuneration, it appears that the defendant pleaded as its defense that, after having acted under the special contract for a period of approximately seven months, the plaintiff and the defendant by mutual agreement *414 waived, abandoned, and rescinded the special contract and entered into a new agreement, it is error such as to require the grant of a new trial for the trial court to charge the jury: "Whether or not, gentlemen, a rescission was had in this case by mutual agreement of the parties is a matter for you to determine. If you determine that there was a rescission of the contract it would be up to you to determine the date upon which that rescission was effective. And, gentlemen, if you determine that the contract was rescinded, you would then look to a new agreement which they contended was had, and determine, gentlemen, whether or not under the new agreement, if there was a rescission, any indebtedness is due by the defendant to the plaintiff upon that new agreement." The action was brought solely upon the theory of a breach by the defendant of the special contract in writing, which allegedly had been fully performed by the plaintiff. If the plaintiff was entitled to recover it was upon the special contract in writing. The defenses to the action were that the contract had not been fully performed, and that the contract had been mutually abandoned, waived, and rescinded, and that a new agreement had been entered into. For the trial court to permit a recovery upon the new agreement when it had not been sued upon, injected a theory unauthorized by the pleadings or evidence, which was clearly erroneous. See, in this connection, Southern Flour & Grain Co. v. Pillsbury Flour Mills Co., 29 Ga. App. 671 (3) (116 S. E. 910), and citations.
3. As the case must be remanded for a new trial under the ruling in division 2, the two remaining grounds of the motion for a new trial are not considered, as the errors assigned therein are such as are not likely to recur on another trial.
Judgment reversed. Gardner, P. J., and Townsend, J., concur.