37726. LUMBERMEN'S UNDERWRITING ALLIANCE *v.* JESSUP *et al.*

DECIDED SEPTEMBER 24, 1959—REHEARING DENIED OCTOBER 16, 1959 AND OCTOBER 27, 1959.

524

526

530

*Larsen & Larsen, J. Hamilton Napier, Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Hal M. Smith, Nelson & Nelson, Martin, Snow, Grant & Napier,* contra.

QUILLIAN, Judge ■ " 'Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment.' Code § 81-1001 (as amended by Ga. L. 1946, pp. 761, 775; Ga. L. 1952, pp. 243-245; Ga. L. 1953, Nov.-Dec. Sess., p. 82)." *McCormick* v. *Johnson,* 213 *Ga.* 544 (1) (100 S. E. 2d 195). A demurrer to an original pleading does not, without more, cover the pleading after it has been amended in material respects, but the demurrer should be renewed if it is still relied on; and, where, as here, the trial court in its first order requires the defendant to amend its answer to meet the grounds of the plaintiff's special demurrers, and the answer is amended, the questions raised by the demurrer prior to the amendment become extinct and nugatory and present no question for adjudication by this court where the trial court, following the amendment, entered no fresh adjudication on the sufficiency of the answer after the expiration of the time allowed for amendment (*McCormick* v. *Johnson,* supra; *Adams*

v. *Ricks*, 91 *Ga. App.* 494, 86 S. E. 2d 329; *United Jewelers, Inc.* v. *Emanuel Burton Diamond Co.*, 214 *Ga.* 170, 173, 104 S. E. 2d 87), and the ruling here first made, and upon which error is ineffectually assigned in this court is not subject to review and does not become the law of the case as to the sufficiency of the answer as finally amended. *Queen* v. *Craven*, 95 *Ga. App.* 178, 182 (2) (97 S. E. 2d 523); *Rossiter* v. *Pitt*, 93 *Ga. App.* 44 (90 S. E. 2d 597); *Myers* v. *Grant*, 212 *Ga.* 182 (91 S. E. 2d 335); *Jacoby* v. *Jacoby*, 212 *Ga.* 295 (92 S. E. 2d 7).

■ The defendant, in its amended motion for a new trial has assigned error in 38 special grounds, which it has numbered 4 through 41. In order to facilitate reference to these special grounds we have adopted for each special ground the number assigned it by the defendant. Special grounds 33 through 41 are nothing more than a recapitulation of the general grounds, being "specialized" as to the three elements of recovery; that is to say, the recovery of the loss claimed under the policy of insurance, the recovery of damages and the recovery of reasonable attorneys' fees under the provisions of Code § 56-706, and these grounds will be discussed in our determination of the general grounds.

■ Special ground 12 is treated as abandoned. *Evergreen Memory Gardens, Inc.* v. *Blythe*, 92 *Ga. App.* 413 (88 S. E. 2d 528).

■ "Assignments of error not insisted upon by counsel in their brief or otherwise argued in this court will be treated as abandoned. A mere recital in the brief of counsel of the existence of an assignment of error [or special ground of a motion for new trial] without argument or citation of authorities in its support, is insufficient to save it from being treated as abandoned. *Head* v. *Lee*, 203 *Ga.* 191 (5) (45 S. E. 2d 66)." *B-X Corp.* v. *Jeter*, 210 *Ga.* 250 (4) (78 S. E. 2d 790); *Bell* v. *Bell*, 210 *Ga.* 295 (5) (79 S. E. 2d 524). Special grounds 21, 28, 29, 30, and 31 are treated as abandoned for the reasons stated in the foregoing rule, quoted from the *Head* case, supra.

■ "Where the court, in a colloquy with counsel, makes remarks which are prejudicial or intimate an opinion upon the

merits of the case, proper objection, or a motion for mistrial, should be made at the time of the occurrence. In the absence of such objection, error cannot be assigned thereon for the first time in a motion for new trial.' *Head* v. *Pollard Lumber Sales*, 88 *Ga. App.* 757 (2) (77 S. E. 2d 827); *Moore* v. *McAfee*, 151 *Ga.* 270 (11) (106 S. E. 274); *Adams* v. *State*, 171 *Ga.* 90 (8) (154 S. E. 700); *Ealy* v. *Tolbert*, 210 *Ga.* 96 (78 S. E. 2d 26). Special ground 6 of the motion for new trial falls within the prohibition of the rule of procedure just stated, as counsel for the defendant were remiss in not interposing a proper objection or motion for mistrial to the trial court's alleged comments on the evidence.

■ In special grounds 8 and 9, counsel for the defendant assign error on the trial court's "comment on the evidence." Such an assignment of error ·presents no question for adjudication here. The interdiction contained in Code § 81-1104 is that a judge of the court shall not "express or intimate his opinion as to what has or has not been proved," as to a matter in issue. *Hettrick* v. *State*, 27 *Ga. App.* 671 (10) (109 S. E. 528); *Owens* v. *State*, 32 *Ga. App.* 417 (123 S. E. 919); and see *Elder* v. *Cozart*, 59 *Ga.* 199.

The fact that the court, in overruling counsel's objection to the "comment on the evidence" stated: "If that's all you can think about doing, I most respectfully deny it," which counsel for the defendant alleges ridiculed and disparaged him as counsel for the defendant, presents no question for adjudication where counsel for the defendant thereafter made no motion for a mistrial based on such grounds. See cases cited in division 5 of this opinion on this point. Counsel's fear lest the court hold him in contempt if he urged a motion for mistrial for the court's alleged ridicule and disparagement of him in no wise obviates the necessity of such a motion in order to have this court review the alleged error. *Walker* v. *Hunter*, 17 *Ga.* 364; *Callahan* v. *State*, 209 *Ga.* 211 (3) (71 S. E. 2d 86).

■ Where, in a special ground of a motion for new trial, error is assigned on the admission in evidence of certain testimony, such assignment of error will be presumed to have been waived where it appears that testimony to substantially the

same effect is elsewhere admitted without objection. *King* v. *Sharpe,* 96 *Ga. App.* 71 (99 S. E. 2d 283); *Teague* v. *Adair Realty & Loan Co.,* 92 *Ga. App.* 463 (88 S. E. 2d 795); *Southeastern Greyhound Lines* v. *Hancock,* 71 *Ga. App.* 471 (2) (31 S. E. 2d 59). Testimony to the same effect as that alleged in special ground 4 to have been erroneously admitted was subsequently elicited from the plaintiff Jessup without objection and also from the defendant's own witness, Dennett. There is no merit in this ground.

■ In special ground 5 an affidavit made by D. D. Rowland was tendered in evidence. Counsel for the defendant made the general objection that the affidavit was incompetent; whereupon the trial court ruled that the affidavit would be admitted for the limited purpose of showing bad faith if it showed anything. No further objection was made by counsel for the defendant following such ruling of the trial court. "Where in response to an objection of a general nature to evidence the court states that it is admitted for a limited purpose, and the objecting party makes no further objection thereto, no valid assignment of error can be based upon the court's act in admitting the evidence." *Mickle* v. *Moore,* 193 *Ga.* 150 (1) (17 S. E. 2d 728); *First Nat. Bank* v. *Carmichael,* 198 *Ga.* 309, 314 (31 S. E. 2d 811).

■ Special ground 7 assigns error on an alleged curtailment of the defendant's right of cross-examination of the plaintiff Jessup, and disparagement of counsel for the defendant. Even if such were the case, and we detect no such misconduct on the part of the court from the facts alleged in this ground, it does not appear that counsel made any timely objection or motion for mistrial, and pursuant to the authorities stated in division 5 of this opinion, this ground presents no question for determination by this court.

■ The assignment of error in special ground 32 on the court's submission in its charge to the jury of the issue of the defendant's bad faith is too general and incomplete to present any question for determination by this court. It is nowhere alleged in the ground that the issue of bad faith was not raised by the pleadings and evidence or in what respect the defendant was harmed by the submission of such issue to the jury.

■ In special grounds 13 through 19 error is assigned on the following excerpts from the charge of the court stating the contentions of the parties: (a) In special ground 13 it is alleged that the court charged: "The amount of insurance ·in force on September 4, 1957, the date of the fire [was?], $188,000." (b) In special ground 14 it is alleged the court charged: "The defendant admits that they issued said policy, that the amount of insurance on September 4th was $188,000, but it denies that the insurance policy was in effect on the 4th day of September, 1957." (c) In special ground 15 it is alleged that the court charged: "The plaintiff also contends that on the 13th day of November, 1957, the defendant made a lump sum offer of $150,000 in compromise settlement not only of the plaintiff's lumber loss, but the plant loss insured under another policy by the defendant. That loss being $16,000. The plaintiff contends that this was not a good faith offer of compromise, because the defendant never contended that his claim for stock of lumber and plant together totaling the amount of $183,826.15 was not the true amount of his loss. The plaintiff further contends that the insurance company finds no reason, or furnished no fact as to why it should pay less than the full amount of his loss, and that the offer of settlement was made to coerce and force the plaintiff (sic) to accept less than his (sic) actual loss. The defendant insurance company, admits that it made the offer, but denies that it was not a bona fide offer of compromise." (4) In special ground 16 it is alleged that the court charged: "The plaintiff (sic) further contends that on December 5th, the defendant made another offer of compromise of $133,000, which offer not only included the claim of loss of stock of lumber, but for his plant. The plaintiff likewise contends that this offer was not in good faith. The plaintiff (sic) contends that the insurance company had not prior to that time given any reason to him why it should not pay the full amount of his (sic) loss of $183,826.15, and that the statement contained in the letter was not believed by the defendant to be true, and therefore said offer was not in good faith offer in compromise. The defendant admits that it made the offer, but it denies the other allegation in that connection." (e) In spe-

cial ground 17 it is alleged the court charged: "The plaintiff (sic) contends that after receipt of said letter of December 5th, he made a written demand on defendant for payment of his loss, this the insurance company admits." (f) In special ground 18 it is alleged that the court charged: "The plaintiff contends that on October 7th, he furnished the defendant with a proof of loss, and this allegation the defendant admits." (g) The excerpt from the charge of which complaint is made in special ground 19, is identical with that portion of the charge set forth in special ground 16.

An examination of the pleadings, which precede this opinion, and the charge as a whole, reveals that the court charged the jury fully and fairly on all the contentions of the parties, and as to the contentions contained in the excerpts to which exception is taken, the court charged the contentions specifically as pleaded.

Special grounds 13 and 14 of the amended motion, each of which attack fragmentary portions of the charge, do not recite enough of the charge, or set out or refer to the parts of the pleadings and evidence necessary to the determination of the assignments of error those grounds undertake to present.

The language from the charge, of which complaint is made in special grounds 15 and 16, is specifically in accord with paragraphs 7, 8, and 9 of the plaintiffs' petition as finally amended and paragraphs 3 and 4 of the defendant's answer.

It is not a proper ground of complaint, as alleged in special grounds 15 and 16, that an excerpt from the charge, of which complaint is made, does not include other and different principles of law or contentions of the parties. *Payne* v. *Young,* 27 *Ga. App.* 370 (4) (108 S. E. 312); *Ledford* v. *State,* 89 *Ga. App.* 683 (80 S. E. 2d 828), and citations.

The language of which complaint is made in special grounds 17 and 18 is in exact accord with the allegations of paragraphs 11 and 6 of the plaintiffs' petition, both of which are admitted in paragraph 1 of the defendant's answer.

The language of which complaint is made in special ground 19 (which is the identical language of which complaint is made in special ground 16) is not subject to the criticism that it constitut-

ed an expression of opinion by the court as to what had been proved. Stating the contentions of the parties does not constitute an expression of opinion by the court. _Barnes v. Bell, 206 Ga. 660, 663 (58 S. E. 2d 400); Smallwood v. Pollard, 54 Ga. App. 617, 618 (4) (188 S. E. 594).

In special ground 20 complaint is made of the following excerpt from the charge of the court: "I charge you that the policy defines the actual cash value of a stock of lumber at the market price of such lumber as it existed at the time and place of loss, less all discounts and unincurred expenses to which such stock would have been subject had no loss occurred. I charge you that the parties, both plaintiff and defendant, are bound by the definition of actual cash value which I have just quoted to you insofar as their rights under this insurance policy are concerned. Therefore, the cost of the lumber does not fix the measure of damages, but it is the actual cash value, as I have already defined to you, at the time and place of loss which measures the rights of the parties as to the amount of recovery if the plaintiffs are entitled to recover." While counsel for the defendant, both in this ground itself, and in their brief, concede that this excerpt from the charge is correct as an abstract principle of law, and though they do not complain that the excerpt is not adjusted to the pleadings and the evidence, for it most certainly is so adjusted, counsel for the defendant contend that this excerpt tended to cause the jury to believe that the cost of the lumber could not be and was not a factor that could be considered by the jury in its determination of the value of the rough green lumber in its condition as it existed at the time and place of loss; and also contend that it tended to cause the jury to believe that the defendant acted in bad faith when it considered the cost of the lumber as one of the several factors in the defendant's computations and efforts to determine the measure of its contractual responsibility to the plaintiffs. As counsel for the defendant concede the accuracy of the charge and do not complain that it is not adjusted to the pleadings and the evidence, this court is at a loss to understand by what process of ratiocination defendants arrived at the contentions posed in this ground. How this excerpt from the charge could have harmed the defend-

ant in the way and manner alleged we are at a loss to understand. Suffice it to say that this ground is without merit.

■ In special ground 22 complaint is made of the following excerpt from the charge: "It is your duty to look to all of the evidence, both oral and documentary, and determine the true actual cash value of the lumber on hand at the time of the loss, that is, its market value as existed in Eastman, Georgia, on the date of the fire, less discounts and unincurred expenses to which it would have been subject had no loss occurred." This excerpt from the charge was adjusted to the pleadings and the evidence and the fact that the court, without request did not "state that 'actual cash value' and 'market value' were the same as and equivalent to 'replacement' cost at the time and place of loss, as provided by the wording of the insurance contract at issue,' " is not a proper assignment of error. See in this connection the cases cited on this point in Division 11 of this opinion.

■ In special grounds 24 and 25 complaint is made of two separate paragraphs from the charge, the first excerpt set out in special ground 24 is immediately followed in the charge by the excerpt set out in special ground 25:

"By bad faith is meant an unfounded, frivolous refusal to pay. In determining whether or not there has been bad faith, you can look to all the evidence and determine for yourself whether the refusal to pay was in bad faith. This is solely a question of fact for you to determine."

"If you find that the refusal was in bad faith, you can award both damages, not in excess of twenty-five percent of the loss, and reasonable attorneys' fees, or you can allow damages without allowing attorneys' fees, or you can allow attorneys' fees without allowing damages. This is the question for you to decide, that is to the allowance of damages and attorneys' fees. Another question for you to determine is whether or not the defendant is liable for the full amount sued for on the loss described in the policy."

In special ground 26 complaint is made of an excerpt from the charge which appears somewhat later in the charge than those of which complaint is made in special grounds 24 and 25. This excerpt in question is set forth in the two paragraphs which

follow: "Now, gentlemen of the jury, as I have already stated to you, plaintiff has sued the defendant for the principal sum, the amount of loss they contend is $167,726.15, they contend that's the amount of the value of the property lost, or destroyed by fire September 4, 1957.

"Also, the plaintiff sues for damages and attorneys' fees and the question which you are to determine is whether the plaintiff in addition to the principal amount of loss, is entitled to an additional amount for damages, and also a reasonable attorneys' fees in additional (sic) to the principal sum of the loss sustained by plaintiff as alleged in the petition."

The fact that these excerpts from the charge did not, in the absence of a timely proper request, contain instructions of other principles of law, is an improper assignment or error in a special ground of a motion for a new trial. See cases cited on this point in Division 11 of this opinion. No one of these special grounds assigns error upon repetitiveness, and errors, assigned in the brief for the first time, and which require reference from one special ground to another present no question for adjudication. *Allen* v. *Bone*, 202 *Ga.* 349, 352 (3) (43 S. E. 2d 311).

While the rule that a ground for motion for new trial need not be complete within itself as modified by Code (Ann.) § 6-901, the statute is not so changed as to permit one ground of a motion for new trial to refer to another. The Code as amended (Ga. L. 1957, pp. 224, 232) means that a ground may be considered as complete which does not set out parts of the pleadings and evidence necessary to a clear understanding of the ground, provided the record pages where such parts of the pleadings and evidence appear are designated.

■ In special ground 27 error is assigned on the ground that a quoted excerpt from the charge failed to instruct the jury that the burden rests on the plaintiff to show bad faith by a preponderance of the evidence. In the absence of a timely written request it is not error for the trial court to fail to charge the jury on the subject of the preponderance of the evidence. *Tanner* v. *Hinson*, 155 *Ga.* 838, 845 (5) (118 S. E. 680); *Mallory Bros. & Co.* v. *Moon*, 130 *Ga.* 591 (61 S. E. 401). See also in this connection *Canal Ins. Co.* v. *Winge Bros.*, 97 *Ga. App.* 782, 785 (5) (104 S. E. 2d 525).

■ In special ground 23 error is assigned upon the following excerpt from the charge: "I charge you that if from consideration of all of the evidence, both oral and documentary, you conclude that Mr. Jessup with intent to defraud defendant wilfully and fradulently made material misrepresentations as to the insurance or subject thereof, he would not be entitled to recover. In this connection, I charge you that 'material misrepresentation' as used by our law means substantial as contrasted to slight and insignificant." The vice attributed to this excerpt from the charge is that the words "with intent to defraud the defendant," were not necessary and that "actual dishonesty of purpose in knowingly making the material misrepresentation is not necessary." This contention is decided adversely to the defendant in *American Alliance Ins. Co.* v. *Pyle*, 62 *Ga. App.* 156, 164 (4) (8 S. E. 2d 154), and citations; *Liverpool & London & Globe Ins. Co.* v. *Stuart*, 67 *Ga. App.* 184, 191 (9) (19 S. E. 2d 822).

■ In special ground 10 error is assigned on the refusal to give the following timely written request to charge: "Under the terms of the contract being sued on by plaintiff in this instance, the plaintiff W. L. Jessup, Jr., is limited in the amount that he may recover to the actual cash value of the property destroyed at the time of the loss, but not exceeding the amount which it would cost to replace the property with material of like kind and quality within a reasonable time of such loss." The trial court did not err in refusing this request to charge as the defendant did not reserve in the policy or plead in its answer the right to replace the material destroyed with material of like kind within a reasonable time. See Code § 56-704. The request was not adjusted to the pleadings and the evidence.

■ In special ground 11 error is assigned on the refusal to charge the following timely, written request: "The plaintiff is not entitled to recover any amount by way of damages or attorneys' fees in excess of the amount of liability under the policy unless you find that the defendant acted in bad faith in refusing to pay the demand of the plaintiff. To establish such bad faith authorizing damages and attorneys' fees it must be shown that defendant's refusal to pay was frivolous and unfounded. If

you find that the defendant had probable cause to refuse to pay the amount of the demand you should find in favor of the defendant as to damages and attorneys' fees. Refusal of an insurer to pay a demand by reason of doubt that is not frivolous or unfounded as to whether insurer is liable to plaintiff for the amount of the demand is not bad faith. Refusal of defendant to pay the amount of the demand would not be bad faith if made by reason of obscurity and complication of plaintiff's books and records examined by defendant for the purpose of determining the amount of the loss for which defendant may be liable, and further refusal by defendant to pay the amount of plaintiff's demand would not be bad faith should you find that defendant offered to pay all that it, defendant, found and believed to be due by examination of the available books, records, and inventories. In event of honest doubt or dispute as to the amount of liability an insurer is entitled to determination of the issue by the courts without subjecting itself to additional liability for damages and attorneys' fees, and if you find such honest doubt or dispute as to the amount of liability your verdict should be in favor of the defendant as to damages and attorneys' fees. The burden is upon plaintiff to prove the alleged bad faith of defendant."

It is elementary that a request to charge must itself be perfect in all particulars and adjusted to the pleadings and evidence in order to make it mandatory upon the trial court to give the request in charge. *Grant* v. *Hart*, 197 *Ga.* 662, 676 (5) (30 S. E. 2d 271); *Goodwin* v. *Allen,* 89 *Ga. App.* 187 (2) (78 S. E. 2d 804), and citations. No provision of the policy required the plaintiff Jessup to keep books reflecting the value of the lumber, nor was there any evidence that the plaintiff's books were so "obscure and complicated" that the defendant for that reason in good faith declined payment of Jessup's claim of loss for the lumber. The trial court, consequently, did not err in its refusal to give the proffered request in charge to the jury. The terms of the policy presently under consideration and the policy considered in *Liverpool & London & Globe Ins. Co.* v. *Ellington,* 94 *Ga.* 785 (21 S. E. 1006), are so entirely different as to make the ruling in that case, insisted upon by counsel for the defendant, entirely of no avail.

■ However much counsel for the defendant may feel that the defendant was dealt a *coup de Jarnac* by this court in its ruling on the former appearance of this case in this court (*Lumbermen's Underwriting Alliance* v. *Jessup*, 98 *Ga. App.* 305, 105 S. E. 2d 596), that case established it as the law of the case beyond peradventure that the defendant was subject to suit under the terms of the policy (29122) and was subject to suit under the terms of Code § 56-706; which is to say that under rulings made in the former case, the plaintiff, upon proper proof was entitled to recover the amount of his loss under the terms of the policy, and damages and reasonable attorneys' fees under the terms of Code § 56-706 upon proper proof of the defendant's bad faith in refusing to pay the plaintiff the amount of its loss within the requisite statutory time. Unquestionably the policy in the amount of $188,000 was, by its terms, and under the evidence, in force and effect at the time when the fire causing the loss occurred on September 4, 1957, as our examination of the brief of evidence reveals that the premium on the policy had been paid and we find not the slightest intimation in the evidence to sustain the defendant's plea that the policy was void as the result of the plaintiff's false swearing or wilfully false or fraudulent representations as to material facts made before or after the policy was issued, or before or after the fire occurred; and we might add parenthetically that counsel for the defendant make no mention in their briefs that the policy was void as the result of false swearing or wilfully false or fraudulent representations on the part of the plaintiff. It also appears from the evidence without dispute that on October 7, 1957, the plaintiff furnished the defendant with a detailed proof of loss, under oath, amounting to the sum of $167,726.15, which sum was based on the actual cash value of the property at the time and place of loss less all discounts and unincurred expense to which the stock of lumber on hand on the date of the fire would have been subject had no loss occurred.

Much moment is made by counsel of the question of whether the loss claimed is such as that covered by the policy. While on the face of the policy the plaintiff is insured "to the extent of the actual cash value of the property at the time of loss, but

not exceeding the amount which it would cost to repair or replace the property within a reasonable time after such loss," in a rider or endorsement of the policy it is provided: "Market Value Clause: Lumber No. 583: It is a condition of this policy that the actual cash value of stock of lumber or timber products covered hereunder shall be the market price of such stock as it existed at the time and place of loss less all discounts and unincurred expenses to which such stock would have been subject had no loss occurred. The values as determined under this clause shall be considered as the actual cash value in the application of any clauses forming a part of this policy."

Under a proper construction of the policy of insurance, that is, most strongly against the insurer (*U. S. Fidelity & Guaranty Co. v. Corbett*, 35 *Ga. App.* 606, 610, 134 S. E. 336; *Johnson* v. *Mutual Life Ins. Co.*, 154 *Ga.* 653, 115 S. E. 14), it must have been the intention of the parties to provide for indemnification of the insured against loss of the value of the lumber, calculated upon the basis of its value in a finished state, otherwise the provision "less all discounts and unincurred expenses to which such stock would have been subject if no loss occurred," would be meaningless. In a policy somewhat akin to the present one the New York Court of Appeals (the court of last resort in that State), in construing a somewhat similar provision of an insurance policy, had this to say: "We cannot agree with the defendant that, under this clause, the market value of the buildings destroyed was the exclusive measure of the plaintiff's loss. Insurance is thereby limited to 'actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage. Value ascertained by market price is necessarily expressive of a suitable deduction for depreciation. If 'actual cash value' were synonymous with 'market value,' the words in parenthesis, to have force, would require depreciation to be twice subtracted." *McAnarney* v. *Newark Fire Insurance Co.*, 247 N. Y. 176 (159 N. E. 902). If this policy presently under consideration was not intended to insure the plaintiff against the loss of the sale of his finished product, which we insist it does, what possible purpose could there have been for inserting the "Market Value Clause" and what possible mean-

ing could be attributed to the phrase therein: "the market price of such stock as it existed at the time and place of loss *less all discounts and unincurred expenses to which such stock would have been subject had no loss occurred?"* (Emphasis by the court.)

It appears from the evidence that Jessup reported in his monthly inventory to the defendant and in his proof of loss the value of the lumber in a finished state less costs of production and arrived at the figure which the jury awarded him. The fact that his method of keeping books, and the method adopted by a certified public accountant to determine the value of the property were different in no wise impeached, obliterated, or contradicted the plaintiff's evidence on the subject of the amount of his loss covered by the policy of insurance. This is not an "iron safe policy" nor does the policy require any special bookkeeping or accounting system to be used in determining the value of the property.

But, even if we concede, which we do not, that the plaintiffs used an improper method in arriving at the value of their loss, they alleged in the petition as finally amended that the method used was the proper measure of damage. The defendant's demurrer to this aspect of the plaintiffs' petition was overruled and stands unreversed. This immutably fixed it as the law of the case that the plaintiffs were entitled to recover their loss upon proper proof and also established the element of damage to be considered in determining the amount of the recovery. *Georgia Northern Railway Co.* v. *Hutchins,* 119 *Ga.* 504 (4) (46 S. E. 659) ; *Hicks* v. *Revels,* 142 *Ga.* 524 (83 S. E. 115).

No extended discussion is required to determine that the evidence authorized the recovery of damages and reasonable attorney's fees under the provisions of Code § 56-706 in view of the rulings made on the first appearance of this case in this court and in view of what has been said on the subject in the companion case to the present one, this day decided. The jury was authorized to find that the defendant had no genuine belief after December 11, 1957, the date of the demand for payment, that Jessup had been guilty of any fraud or misrepresentation or that the claim of loss was excessive or improper. The defendant constantly denied liability altogether and even sought to have the

Federal courts to declare the policy void. Its offers to settle with the plaintiff for sums less than he claimed were each coupled with threatening innuendoes. Under all these circumstances the jury was authorized to enter, as it did, a verdict for damages and for reasonable attorneys' fees. See *Missouri Ins. Co.* v. *Lovelace*, 1 *Ga. App.* 446, 467 (58 S. E. 93) ; *National Life &c. Ins. Co.* v. *Moore*, 86 *Ga. App.* 618 (72 S. E. 2d 141). The trial court, consequently, did not err in denying the motion for new trial as amended.

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*